# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-1202

_____

| | | |
|---|---|---|
| Laguda Adetokun Ademola, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Immigration |
| | * | and Naturalization Service. |
| Immigration and Naturalization | * | |
| Service, | * | **[UNPUBLISHED]** |
| | * | |
| Respondent. | * | |

_____

Submitted: February 7, 2000
Filed: February 14, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Laguda Adetokun Ademola, a citizen of Nigeria, entered the United States on a nonimmigrant visa in 1988. In 1995, the Immigration and Naturalization Service ordered Ademola to show cause why he should not be deported. Ademola conceded deportability, but filed an application for asylum and withholding of deportation. Following a hearing, an Immigration Judge (IJ) denied Ademola's application. The Board of Immigration Appeals (BIA) dismissed his appeal from the IJ's order.

Ademola petitions for review. He argues the BIA violated the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (Torture Convention); asserts the IJ acted partially by cross-examining him, erred in not granting a continuance, and thus violated his due process rights; and maintains that he was subject to past persecution and has a well-founded fear of future persecution based on his political opinion. Reviewing the BIA's denial of asylum under the substantial-evidence standard, see Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997), we deny Ademola's petition.

First, Ademola cannot initially pursue a Torture Convention claim in this appeal; he must file a motion to reopen with the BIA. See 8 C.F.R. § 208.18(b)(2) (1999) (aliens who were ordered removed before March 22, 1999, may move to reopen proceedings to seek protection under Torture Convention); Ortiz v. INS, 179 F.3d 1148, 1152-53 (9th Cir. 1999) (whether alien is entitled to relief under Torture Convention must first be raised before BIA). Second, we reject Ademola's due process argument. The IJ properly examined Ademola at the asylum hearing and did not impede his ability to testify fully. See 8 U.S.C. § 1229a(b)(1) (IJ may interrogate, examine, and cross-examine alien); Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986) (IJ's "vigorous questioning" of alien did not deny alien fair and meaningful hearing). The IJ did not abuse his discretion in denying a continuance, as Ademola had had three years to collect supporting evidence and had not shown good cause for a continuance. See Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1997) (IJ has discretion whether to grant continuance); 8 C.F.R. § 3.29 (1999) (IJ may grant motion for continuance for good cause shown).

As to his final argument, we note Ademola testified at the asylum hearing that he belonged to the Social Democratic Party (SDP), recruited for the SDP while he lived in England, and campaigned for the SDP underground in Nigeria. Ademola further testified that in December 1987, armed government agents arrested him for being an SDP member, jailed him for one month, and tortured him. The IJ discredited

Ademola's testimony, however, because Ademola had used numerous aliases, obtained false documents, used a false birth certificate, and denied specific facts about a prior fraud conviction. The IJ also concluded that Ademola's claims of mistreatment were undercut by his lack of proof of SDP membership and involvement, and his procurement of false passports and other official documents from Nigeria. The BIA concluded Ademola had not sufficiently established he was an SDP member, or was or might be persecuted because of such membership. We agree.

We defer to the IJ's credibility findings, see Hajiani-Niroumand v. INS, 26 F.3d 832, 838 (8th Cir. 1994) (deferring to IJ's credibility findings when IJ states "specific, cogent reason, or a legitimate, articulable basis" for such findings), and we conclude that a reasonable fact finder could find Ademola's fear of persecution was not objectively reasonable, see Feleke, 118 F.3d at 598 (to overcome BIA's finding that alien lacked well-founded fear, evidence must be "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution"). We also affirm the BIA's denial of withholding of deportation. See Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999).

Accordingly, we deny the petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.