United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60755
Summary Calendar
_____

FRAY MARTIN GUTIERREZ-VEGA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A93 209 550
---------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Fray Martin Gutierrez-Vega ("Gutierrez"), a native and citizen
of Mexico, petitions for review of an order of the Board of
Immigration Appeals ("BIA") summarily affirming the immigration
judge's ("IJ") decision ordering removal. See 8 U.S.C. §§ 1229a,
1182(a)(6)(A)(i). Because the BIA summarily affirmed without
opinion, the IJ's decision is the final agency determination for
judicial review. See Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th
Cir. 2003). Gutierrez has abandoned the issue of the denial of his

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

application for voluntary departure by failing to address that issue in his petition for review. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

Gutierrez argues that he is not subject to removal on grounds of inadmissibility as charged in the Notice to Appear. See 8 U.S.C. § 1182(a)(6)(A)(i). He contends that he was granted temporary resident status as a special agricultural worker ("SAW") under 8 U.S.C. 1160(a) and that by operation of law, he thereafter became a permanent resident. In the removal proceedings before the IJ, Gutierrez had the "burden of establishing" that he was "clearly and beyond doubt entitled to be admitted and [was] not inadmissible." See 8 U.S.C. § 1229a(c)(2)(A). The record does not compel a finding contrary to the IJ's finding that Gutierrez "was never granted [temporary resident] status." See 8 U.S.C. § 1252(b)(4)(B). The IJ's decision that Gutierrez was inadmissable is not "manifestly contrary to law." See 8 U.S.C. § 1252(b)(4)(C).

Accordingly, the petition for review is DENIED.