**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 20, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60175
Summary Calendar

ALEXEI LEONOV

Petitioner

v.

JOHN ASHCROFT, US ATTORNEY GENERAL

Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A71 495 769
--------------------

Before KING, Chief Judge, and EMILIO M. GARZA and BENAVIDES,
Circuit Judges.

PER CURIAM:[*]

Alexei Leonov petitions this court for review of the Board
of Immigration Appeals' (BIA's) decision denying his applications
for asylum and withholding of removal. We hold that the BIA's
determination that Leonov had not demonstrated past persecution
or a well-founded fear of future persecution is supported by
substantial evidence and, therefore, that he is ineligible for
asylum. See 8 C.F.R. § 208.13(a), (b); Lopez-Gomez v. Ashcroft,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

263 F.3d 442, 444 (5th Cir. 2001). Because Leonov has failed to satisfy the requirements for asylum, he has also failed to satisfy the requirements for withholding of deportation under the Immigration and Nationality Act. See Girma v. INS, 283 F.3d 664, 667 (5th Cir. 2002). Leonov has failed to brief the issue whether he is eligible for withholding under the Convention Against Torture, and it is therefore waived. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

Insofar as Leonov contends that the Lautenberg Amendment should be afforded evidentiary weight regarding the persecution of Jews in Russia, we find that the BIA did acknowledge that legislation when evaluating the evidence in his case. Finally, Leonov argues that 8 C.F.R. § 208.13 should be construed to afford him the same procedural benefits afforded Russian Jews under the Lautenberg Amendment to avoid an equal protection problem. However, even if that lowered standard were applied to his case, he has not shown "a credible basis for concern about the possibility of [] persecution." See 8 U.S.C. § 1157 note.

PETITION DENIED.