United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60598
Summary Calendar

———————————————

RAOUL SAINVIL,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 419 919
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Raoul Sainvil, a native and citizen of Haiti, petitions this
court for review of the Board of Immigration Appeals' ("BIA")
decision affirming the Immigration Judge's ("IJ") decision
denying his applications for asylum, withholding of removal, and
relief under the Convention Against Torture. When, as in this
case, the BIA adopts the IJ's decision without a written opinion,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

this court reviews the IJ's decision. <u>Mikhael v. INS</u>, 115 F.3d 299, 302 (5th Cir. 1997).

Sainvil contends that the IJ erroneously found that he failed to present any evidence in support of his own testimony. According to Sainvil, the IJ either ignored his sister's testimony and the evidentiary packet filed in support of his applications, or discounted the evidence without reason. A review of the record reflects that the IJ considered the evidence introduced by Sainvil, but concluded that it was not sufficient to corroborate his testimony and establish that he had a well-founded fear of persecution on account of his political opinion or membership in a particular social group. Thus, the IJ's decision reflects a meaningful consideration of the relevant substantial evidence supporting Sainvil's claims. <u>See</u> <u>Abdel-Masieh v. INS</u>, 73 F.3d 579, 585 (5th Cir. 1996).

Sainvil also contends that the IJ erroneously found that his sister's testimony contradicted and was fatal to his asylum claim. This court will uphold the IJ's determination that an alien is not eligible for asylum if it is supported by substantial evidence. <u>Ontunez-Tursios v. Ashcroft</u>, 303 F.3d 341, 350 (5th Cir. 2002). Further, this court will not substitute its judgment for that of the IJ with respect to credibility determinations, and this court will not review decisions turning solely on the IJ's assessment of the petitioner's credibility.

See <u>Efe v. Ashcroft</u>, 293 F.3d 899, 905 (5th Cir. 2002); <u>Chun v. INS</u>, 40 F.3d 76, 78 (5th Cir. 1994).

After careful review of the record and the briefs, this court concludes that the IJ's determination that Sainvil's testimony was not sufficiently detailed, consistent, or believable to provide a plausible and coherent account of the basis for his fears and that he was not eligible for asylum is supported by substantial evidence. See <u>Ontunez-Tursios</u>, 303 F.3d at 350.

Finally, because Sainvil does not challenge the IJ's denial of his applications for withholding of removal or relief under the Convention Against Torture, these issues are deemed abandoned. See <u>Calderon-Ontiveros v. INS</u>, 809 F.2d 1050, 1052 (5th Cir. 1986).

PETITION DENIED.