United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60534
Summary Calendar

KETEVAN KHARSHILADZE,
also known as Ketevan Kharshiladze Ussery,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition For Review of an Order of the
Board of Immigration Appeals
BIA No. A77-751-590
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ketevan Kharshiladze, a native and citizen of the Republic of Georgia, petitions this court for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture.

When, as here, the BIA summarily affirms without opinion and essentially adopts the IJ's decision, we review the IJ's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kharshiladze has not challenged the IJ's denial of withholding of removal or the IJ's denial of relief under the Convention Against Torture. These claims are therefore abandoned. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

Kharshiladze argues that the record indicates that she suffered past persecution due to her political opinion and that she established a probability of future persecution or a well-founded fear of persecution due to her political opinion. Kharshiladze has not shown that the evidence compels a reasonable fact-finder to conclude that she suffered past persecution or has a well-founded fear of future persecution because of her political opinion. Girma v. INS, 283 F.3d 664, 669 (5th Cir. 2002); INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

Kharhsiladze further argues that the BIA violated her due process rights when it issued an affirmance without an opinion pursuant to 8 C.F.R. § 1003.1(e)(4). The due process argument is without merit. See Soajede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003) (rejecting due process challenge to a similar summary affirmance procedure set forth in 8 U.S.C. § 1003(a)(7)). The petition for review is therefore DENIED.