**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 2, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60978
Summary Calendar

_____

SANDRA TERESA CALDERON-ACOSTA,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(A77 668 623)
---------------------

Before EMILIO M. GARZA, DEMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Sandra Teresa Calderon-Acosta petitions for review of the

Board of Immigration Appeals' (BIA's) decision summarily

affirming the immigration judge's (IJ's) denial of her motion to

reopen her immigration proceedings contending that (1) she was

erroneously held removable in absentia because she never received

notice of the immigration hearing, (2) the reopening of her

immigration proceedings was improperly denied because she made a

prima facie showing of statutory eligibility for an adjustment in

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

status to that of a permanent resident, and (3) the BIA's summary affirmance denied her due process.

Calderon's petition for review, however, was timely only with regard to the BIA's denial of her motion to reopen and for reconsideration. See Stone v. INS, 514 U.S. 386, 395-98 (1995). Consequently, we have jurisdiction to review only the issue whether the BIA abused its discretion in that regard. See Osuchukwu v. INS, 744 F.2d 1136, 1141 (5th Cir. 1984); Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993).

Calderon has not briefed the propriety of the BIA's ruling that her second request to reopen the immigration proceedings was an impermissible multiple motion, and, therefore, its review is waived. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986). With respect to Calderon's request to the BIA for reconsideration of its summary affirmance of the denial of her motion to reopen, she has failed to show that the BIA made an error of either fact or law on the record before it. See 8 U.S.C. § 1003.2(b)(1)(2003); Osuchukwu, 744 F.2d at 1143. Consequently, the denial of the request for reconsideration was not an abuse of discretion.

PETITION DENIED.