United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03 – 60920
SUMMARY CALENDAR

_____

AKLIL GETACHEW, also known as Michael Fisseha,

            Petitioner,

    v.

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

            Respondent.

_____
_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77-520-986

_____
_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit
Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

    In this appeal, we review the Board of Immigration Appeals'

(hereinafter, "BIA") decision denying Aklil Getachew's

application for asylum, withholding of removal, and protection

under the Convention Against Torture.

    While the BIA found that Getachew had suffered past

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

persecution under the Ethiopian government because of his political opinion and his Eritrean heritage, the BIA held that evidence of changed country conditions rebutted the presumption that Getachew had a well-founded fear of future persecution. Getachew disagrees and argues that the presumption of a well-founded fear of persecution was not rebutted.

We review the BIA's factual findings for substantial evidence and conclusions of law de novo. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The BIA appropriately based its decision that changed country conditions rebutted the presumption that Getachew had a well-founded fear of future persecution on a United States State Department Report. *See Rojas v. I.N.S.*, 937 F.2d 186, 190 n.1 (5th Cir. 1991). The report indicates that the Ethiopian government is no longer forcibly deporting Eritreans or Ethiopians with Eritrean heritage. In addition to the State Department report, the BIA noted that members of Getachew's family currently live in Ethiopia without fear of persecution. Thus, the BIA's decision is supported by substantial evidence, and the evidence in the record does not compel a contrary conclusion. *See Mikhael v. I.N.S.*, 115 F.3d 299, 302 (5th Cir. 1997).

Getachew next argues that the BIA should have granted asylum based on the severity of his past persecution alone. We find, however, that the BIA's decision to deny discretionary asylum was

not manifestly contrary to law or an abuse of discretion.  *See Rojas*, 937 F.2d at 188.

Getachew has also abandoned the issue of denial of his application for withholding of removal by failing to address it in his petition for review.  *See Calderon-Ontiveros v. I.N.S.*, 809 F.2d 1050, 1052 (5th Cir. 1986).

Finally, we lack jurisdiction to review Getachew's claim under the Convention Against Torture because Getachew has failed to exhaust his administrative remedies with respect to this claim.  *See Wang v. Aschcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, Getachew's petition for review is DENIED.