**United States Court of Appeals**
**Fifth Circuit**
**F I L E D**
**September 27, 2004**
**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60813
Summary Calendar

PAPA PAUL,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 78 125 381
--------------------

Before EMILIO M.  GARZA, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

    Papa Paul, a 14 year old Liberian citizen, petitions this
court for review of the Board of Immigration Appeals' (BIA)
decision affirming the Immigration Judge's (IJ) order denying his
application for asylum and withholding of removal and protection
under the Convention Against Torture (CAT).

    When considering a petition for review, this court has the
authority to review only the BIA's decision, not the IJ's
decision, unless the IJ's decision has some impact on the BIA's
decision.  Mikhael v. I.N.S., 115 F.3d 299, 302  (5th Cir. 1997).

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court may review the IJ's findings and conclusions if the BIA adopts them.  Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).  The BIA stated that it agreed with the IJ's decision that Paul had not met his burden of proof.  We conclude that the BIA adopted the IJ's decision, allowing this court to review the IJ's decision.

Paul argues that the IJ violated his rights to due process by not permitting the use of a Liberian interpreter.  Because Paul failed to exhaust his remedies before the BIA, this court lacks jurisdiction to consider this issue.  Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

Paul argues that the IJ utilized an improper burden of proof.  A fair reading of the IJ's decision shows that he applied the correct burden of proof.  The IJ cited the correct precedent, Matter of Mogharrabi, 19 I. & N. Dec. 439, 441-45 (BIA 1987) (applying this court's "reasonable person" standard in I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 449 (1987)).

He also argues that the BIA's reliance on apparent changed country conditions in Liberia violated its own rules, resulting in a denial of due process.  Paul was not deprived of due process by the BIA's action in noticing the changed country conditions in Liberia because he can challenge it by motion to reopen. Rivera-Cruz v. INS, 948 F.2d 962, 966-67 (5th Cir. 1991).

Paul argues that the IJ erred in ruling that he had failed to establish that he was subjected to persecution on account of

one of the five protected grounds, particularly either political opinion or membership in a particular social group. He contends that his actions in fleeing conscription by Charles Taylor's governmental forces was "an expression of neutrality, which constitutes an expression of political opinion." Paul further argues that he affirmatively expressed his neutrality in an environment fraught with hazards from the Liberian government or from uncontrolled anti-government forces. As such, he states he demonstrated "hazardous neutrality" as political opinion. He states that he "affirmatively expressed his neutrality when he spoke with the Liberian Embassy and informed them that he had fled the country because he did not wish to fight in the war."

Paul cites no instances in which this court has adopted the doctrine of hazardous neutrality. See Matter of Maldonado-Cruz, 19 I. & N. Dec. 509, 516 (BIA 1988) ("We know of no Fifth Circuit case which agrees with the rationale of Bolanos-Hernandez.").[**] There is no reason to adopt it in this case because it is not supported by the facts. The IJ correctly concluded that Paul had not been targeted for recruitment on account of political opinion or membership in a social group. Absent evidence that the ATU's conscription effort was motivated by Paul's political opinion, actual or imputed, rather than a need for members, the ATU military organization's attempt to force Paul to join them is

---

[**] Bolanos-Hernandez is the case in which the Ninth Circuit first adopted the doctrine of political neutrality as political opinion. 767 F.2d 1277, 1286-88 (9th Cir. 1985).

insufficient to compel a finding of persecution on account of political belief.  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 482-84 (1992).

Paul argues that he affirmatively expressed his neutrality to the government of Liberia when he spoke with the Liberian Embassy and informed it that "he had fled the country because he did not wish to fight in the war."  There is no factual foundation for his argument that he affirmatively expressed either a political opinion or hazardous neutrality.  The evidence relied upon by Paul is insufficient to compel reversal of the IJ's conclusion that he failed to establish a well-founded fear of persecution on account of an expression of his political opinion.

Paul next argues that the IJ erred in failing to consider whether he would face disproportionate punishment if he were forced to return to Liberia.  He contends that he will be disproportionately punished if forced to return to Liberia because of his membership in the social group consisting of those persons who escaped Liberia and have been reported to the Liberian government as denouncing it.  Again, the record does not show that Paul expressed any denunciation of the Liberian government.

Paul argues that "disproportionate punishment results" when a person will be forced to participate in a conflict that has been internationally condemned.  The reports and documents cited

by Paul describe general violence and conditions of unrest due to the long civil war, which do not provide grounds for asylum. See Campos-Guardado v. INS, 809 F.2d 285, 290 (5th Cir. 1987) ("Congress did not intend to confer eligibility for asylum on all persons who suffer harm from civil disturbances . . . .").

Paul argues that he would be forced to commit atrocities if he were sent back to Liberia, his participation in the conflict would be inhumane, and forcing him to participate would become persecution. "[W]hen an alien does not wish to be associated with a military that engages in universally condemned acts of violence, 'the only relevant factor is the likelihood that the alien will be punished.'" Mojsilovic v. INS, 156 F.3d 743, 747 (7th Cir. 1998). The IJ found that the evidence did not support the theory that the government of Liberia would punish or harm Paul as a refugee who fled to avoid military conscription. Paul does not point to any evidence in the record bearing on the likelihood that he would be punished which would compel a different conclusion from that reached by the IJ. The evidence does not compel a reasonable fact-finder to conclude that Paul has a well-founded fear of future persecution because of a protected ground. Elias-Zacarias, 502 U.S. at 482-84.

Paul argues that if this Court does not conclude that he established his entitlement to asylum, then he has proved entitlement to withholding of removal under the Torture Convention. He contends that if he was returned to Liberia, he

would be picked up by the Government, imprisoned, and likely killed. Paul does not point to any evidence in the record that would compel the conclusion that it is more likely than not that he would be tortured by the current government of Liberia. For the same reasons discussed above in connection with his claim for asylum, that Paul does not point to any evidence in the record bearing on the likelihood that he would be punished at all, substantial evidence also supports the IJ's rejection of Paul's application for CAT relief. Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002).

Because Paul has not briefed a claim for withholding of removal, such claim is deemed abandoned. Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

The petition for review is DENIED.