# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2021

Lyle W. Cayce
Clerk

No. 19-60914
Summary Calendar

Sergio Perez-Tobar,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099-483-389

---

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Sergio Perez-Tobar, a native and citizen of El Salvador, seeks review of the denial of his application for withholding of removal. To qualify for withholding of removal, an applicant must establish that he is more likely than not to be persecuted in the proposed country of removal due to his race,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). The applicant must show that the persecution was inflicted by the government or by private actors that the government is unable or unwilling to control. *Gonzales-Veliz*, 938 F.3d at 233. A showing of past persecution creates a rebuttable presumption of future persecution. 8 C.F.R. § 1208.16(b)(1).

The Immigration Judge found that Perez-Tobar, a gay man, was a member of a particular social group. However, the IJ found that Perez-Tobar had not been persecuted on account of his sexuality. The Board of Immigration Appeals disagreed with the latter finding and remanded for the IJ to consider whether El Salvador was unable or unwilling to protect Perez-Tobar. On remand, the IJ found that this element was not proven. In making its finding, the IJ took administrative notice of a State Department country report that was not available during the original hearing. The BIA affirmed.

Perez-Tobar challenges the finding that El Salvador was not unable or unwilling to protect him. We review the IJ and BIA's factual findings for substantial evidence and will reverse "only when the evidence compels us to do so." *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Here, the IJ and BIA explained that the Salvadoran police accepted Perez-Tobar's report of an assault; they further explained that there is no evidence that the police refused or failed to investigate. The IJ and BIA additionally noted that, although the police officer who took the report made unprofessional comments about Perez-Tobar's sexuality, El Salvador has a functioning system to discipline police misconduct. Finally, the IJ and BIA considered that, according to the country report, the Salvadoran government held a signing ceremony to celebrate the Institutional Policy for the Protection of the LGBTI Community, which aims to ensure that LGBTI individuals in El Salvador are treated in accordance with international standards. Perez-Tobar

emphasizes that the record includes mixed information about the treatment of gay individuals in El Salvador. Even so, the evidence does not compel us to reach the opposite result as the IJ and BIA about El Salvador's ability or willingness to protect Perez-Tobar.

Perez-Tobar also argues that the IJ deprived him of due process by taking administrative notice of the country report without giving him an opportunity to submit rebuttal evidence. Agencies have wide latitude to notice official documents, including country reports. *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 410 (5th Cir. 2010). We have never required an IJ to inform an applicant in advance of its intent to take administrative notice. To the contrary, we have recognized that the opportunities to challenge the IJ's reliance on noticed facts before the BIA and to file a motion to reopen satisfy due process. *Venturini v. Mukasey*, 272 F. App'x, 397, 401–02 (5th Cir. 2008); *Paul v. Ashcroft*, 109 F. App'x 695, 697 (5th Cir. 2004). Perez-Tobar did raise the issue with the BIA, though he chose not to file a motion to reopen. In any event, to succeed on his due process claim, Perez-Tobar must "make a prima facie showing that the alleged violation affected the outcome of the proceedings." *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018). By failing to identify any rebuttal evidence that he would have introduced, Perez-Tobar has failed to show prejudice. *See id.*

The petition for review is DENIED.