**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 16, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60222
Summary Calendar
_____

LAL RAM MUANA,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A78-318-165)
--------------------

Before WIENER, BENAVIDES, AND STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner Lal Ram Muana, a native and citizen of Burma, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") decision to deny his application for asylum. Muana has waived the denial of his applications for withholding of removal and relief under the Convention Against Torture by failing to argue those issues. Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

This court will uphold the BIA's factual finding that an alien is not eligible for asylum if the determination is supported by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial evidence. <u>Efe v. Ashcroft</u>, 293 F.3d 899, 903 (5th Cir. 2002). "The substantial evidence standard requires only that the Board's conclusion be based upon the evidence presented and be substantially reasonable." <u>Ontunez-Tursios v. Ashcroft</u>, 303 F.3d 341, 350 (5th Cir. 2002) (internal quotation marks and citations omitted). As the BIA summarily affirmed without opinion the IJ's decision, the IJ's decision is the final agency determination for judicial review. <u>See</u> <u>Soadjede v. Ashcroft</u>, 324 F.3d 830, 831-32 (5th Cir. 2003).

Muana has failed to make the requisite showing that he is unable or unwilling to return to Burma "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A); <u>see also</u> <u>Jukic v. INS</u>, 40 F.3d 747, 749 (5th Cir. 1994).

Accordingly, the petition for review is DENIED.