United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60187
Summary Calendar

_____

ODILE META TSHILUMBA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 543 232
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Odile Meta Tshilumba, a native and citizen of the Democratic Republic of the Congo, petitions for review of an order from the Board of Immigration Appeals (BIA) summarily affirming the immigration judge's (IJ) decision to deny her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The IJ determined that Tshilumba's story was implausible and that her demeanor was not that of a woman who had gone through the "horrendous problems" about which she testified.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Generally, we review the decision of the BIA and will only consider the underlying decision of the IJ if it influenced the BIA's determination. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 348 (5th Cir. 2002). When, as in this case, the BIA adopts the IJ's decision without a written opinion, we review the IJ's decision. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

The IJ has the duty to make credibility determinations of witnesses. Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). When an IJ's credibility determination is based on "a reasonable interpretation of the record and therefore supported by substantial evidence," it will be upheld. Id. at 79. Moreover, "a credibility determination may not be overturned unless the record compels it." Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002).

In addition to arguing the merits of her claims for asylum, withholding of removal, and protection under the CAT, Tshilumba, proceeding pro se, challenges the IJ's credibility determination, arguing that the IJ's and BIA's mindsets about her credibility were predetermined and that the IJ's determination that her testimony was incredible was based on facts that were not important to her asylum claim. Liberally construed, her brief challenges several of the findings on which the IJ based his credibility determination. However, Tshilumba's challenges concerning these findings lack merit. The IJ gave cogent reasons for finding that Tshilumba was not credible, and his

determination that Tshilumba was not credible is amply supported by the record.  See Chun, 40 F.3d at 79.  Furthermore, the IJ's reasons were based on facts central to Tshilumba's claim, such as her lack of knowledge about the political party for which she was allegedly persecuted, the fact that she added her daughter to her passport just before she was arrested, and the unlikelihood that a person thought to be involved in the assassination of the president could leave the country with relative ease.  The record does not compel a credibility determination contrary to that of the IJ.  See Lopez De Jesus, 312 F.3d at 161.  Because the IJ's credibility determination is supported by substantial evidence, we need not consider the IJ's alternative holding that Tshilumba's testimony, if believed, did not demonstrate eligibility for asylum or withholding of removal, although it may have demonstrated eligibility for protection under the CAT.

Tshilumba also argues that the IJ erred in personally asking her questions that exceeded the scope of direct or cross examination "on areas outside the basis for the asylum claim and outside of any previous testimony."  However, the IJ is entitled to "'interrogate, examine, and cross-examine the alien.'" Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 n.1 (5th Cir. 1986) (citing 8 U.S.C. § 1252(b) (recodified as 8 U.S.C. § 1229a(b)(1))).  Furthermore, to the extent that Tshilumba is citing in support of her claim the IJ's questioning concerning where she was imprisoned, whether her daughter cried or made a

lot of noise at the airport, and the whereabouts of her husband, such questions are not outside the realm of an asylum claim.

Accordingly, Tshilumba's petition for review of the BIA's order is DENIED.  The respondent's motion for summary affirmance in lieu of a response brief or, alternatively, for an extension of time to file a response brief if this court denies the motion, is DENIED.