United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-60175
Summary Calendar

———————————————

FRANKLIN IGHEKPE,

                              Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

                              Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 212 485
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Franklin Ighekpe, a native and citizen of Nigeria, petitions

for review of an order from the Board of Immigration Appeals

("BIA") affirming the immigration judge's ("IJ") decision

findings that Ighekpe is removable, that he is ineligible for an

adjustment of status because he is inadmissible, and that there

is no waiver of inadmissibility available to Ighekpe.

        The IJ found Ighekpe removable because, <u>inter alia</u>, Ighekpe

overstayed his visitor's visa.  Ighekpe argues in this court only

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the fact that he overstayed his visa should not affect his eligibility for an adjustment of status.  Ighekpe has abandoned the issue of removability by failing to challenge the IJ's determination that Ighekpe overstayed his visa.  See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

Ighekpe argues that the IJ erred in finding that he is inadmissible to the United States as a lawful permanent resident because he made a false claim of United States citizenship.  The IJ's factual finding on this issue, which finding was based on a credibility determination, is supported by substantial evidence and will be upheld.  See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996); Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994).  Thus, the IJ properly determined that Ighekpe is inadmissible to the United States and, therefore, ineligible for an adjustment of status.  8 U.S.C. §§ 1255(a), 1182(a)(6)(C)(ii)(I).  Moreover, the IJ did not abuse its discretion in finding that there is no waiver of inadmissibility applicable to 8 U.S.C. § 1182(a)(6)(C)(ii)(I).  See 8 U.S.C. § 1182(i).

Finally, Ighekpe asserts that the IJ erroneously denied his bond request.  We lack jurisdiction to consider the IJ's discretionary denial of bond.  8 U.S.C. § 1226(e).

Ighekpe's petition for review is DENIED.