**Ronny Abraham WINOKAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71189.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2005.*

Decided Feb. 24, 2005.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nancy E. Miller, Esq., Robert L. Reeves & Associates, Elsie V. Hui, Reeves & Associates, Pasadena, CA, for Petitioner.

Regional Counsel, District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Carol Federighi, Esq.,

Terri J. Scadron, Esq., U.S. Department of Justice, Washington, DC, for Respondent

Before: BROWNING, CUDAHY,[**] and RYMER, Circuit Judges.

## MEMORANDUM [***]

Ronny Winokan, a citizen of Indonesia, petitions for review a decision of Board of Immigrations Appeals (BIA)[1] denying his applications for asylum, withholding of removal, and for relief under the Convention against Torture (CAT). The BIA denied Winokan's application for asylum on two grounds. First, the Immigration Judge (IJ) held that petitioner's asylum request was time-barred. In the alternative, she found that petitioner failed to demonstrate eligibility for asylum, as well as eligibility for withholding of removal or for relief under CAT. We dismiss the petition for review.

An applicant for asylum must demonstrate "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). There are two statutory exceptions to this rule, including "the existence of changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D).

■ We lack jurisdiction to review the BIA's determinations regarding the timeliness of an asylum application, the exis-

---

[**] The Honorable Richard D. Cudahy, Senior Circuit Judge for the Seventh Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The BIA affirmed the decision of the Immigration Judge (IJ) without opinion. A BIA affirmance without opinion is presumed to have adopted the reasoning of the IJ. We therefore review that decision. *Lata v. INS,* 204 F.3d 1241 (9th Cir.2000).

tence of changed circumstances to justify a late application, or whether an asylum applicant filed within a "reasonable time" after such changed circumstances. 8 U.S.C. § 1158(a)(3); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002); *see also Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

Petitioner admits our lack of jurisdiction but argues that we can and should review this decision because it is the result of a procedurally flawed hearing which violated Winokan's due process rights. Even if petitioner's due process rights were violated, we simply do not have jurisdiction to review the timeliness issue.

█ Petitioner also claims that his rights to procedural due process were violated and requests a remand for a full and fair hearing. He argues that his due process rights were violated because the IJ exhibited "bias and hostility" and that the IJ "usurped the case" with "constant interruptions."

None of this conduct amounts to a due process violation. A due process violation can be found if an IJ exhibits bias and hostility, *Reyez–Melendez v. INS*, 342 F.3d 1001 (9th Cir.2003), or if an IJ had effectively decided the case prior to the hearing and refused to let the applicant introduce relevant evidence. *Colmenar v. INS*, 210 F.3d 967 (9th Cir.2000).

Petitioner has not established bias and hostility sufficient to amount to a due process violation. The IJ's conduct, while insensitive and perhaps impatient, did not violate due process. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *Calderon–Ontiveros v. INS*, 809 F.2d 1050 (5th Cir.1986); *Antonio–Cruz v. INS*, 147 F.3d 1129 (9th Cir.1998). Petitioner was never prohibited from introducing relevant evidence and the IJ did not exhibit a racist or biased attitude in her decision. Thus, petitioner's due process rights were not violated.

Further, substantial evidence supports the IJ's denial of Winokan's applications for withholding of removal and relief under CAT. The harm suffered by Winokan amounts to discrimination, not persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). In addition, Winokan failed to establish that he would more likely than not be persecuted for his Christianity, *see Navas v. INS*, 217 F.3d 646, 655 (9th Cir.2000), or that he faces a clear probability of being tortured, *see Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004), upon his return to Indonesia.

**PETITION DENIED.**