United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60424
Summary Calendar

_____

CHRISTINA KIP MEN; MARY LALRUATKIM,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 314 717
BIA No. A78 314 719

_____

Before REAVLEY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Christina Kip Men has filed a petition for review of the Board of Immigration Appeals' order, denying her and her minor daughter, Mary Lalruatkim, asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We affirm.

Kip Men is a national of Burma who has been residing illegally in India on a regular basis for the past fifteen years. She claims that she cannot return to Burma because she is a member of the Chin

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

ethnic minority and a Roman Catholic, groups that are persecuted by the ruling military junta.  Further, she claims that her role as a leader in various Chin expatriate organizations in India and her status as a human rights advocate will place her in danger if she returns to Burma. Finally, she alleges that she is wanted by the Burmese government for her involvement in these activities.

On appeal, Kip Men, argues that the IJ's determination that she is not eligible for asylum is not supported by substantial evidence.[1]  In addition, she argues that the Immigration Judge applied an incorrect and overly stringent standard in determining that she was ineligible for asylum.

Because the BIA adopted the IJ's decision, we may review the IJ's decision.[2] The IJ determined that Kip Men's testimony was not credible because it was inconsistent in several respects with facts alleged in her application for asylum, and was not supported by corroborating evidence.  Kip Men has not challenged this credibility determination on appeal.  Thus, we will not review it.[3]

Absent Kip Men's testimony, the only facts supporting her

---

[1]  Kip Men does not challenge the IJ's rulings with respect to her Withholding of Removal and CAT claims.

[2] *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

[3] *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).  Even if Kip Men had raised this issue on appeal, our review of an IJ's credibility determination is highly deferential. *See Zhao v. Gonzales*, --- F.3d ----, 2005 WL 590829, at *7 (5th Cir. March 15, 2005) ("We will not substitute our judgment for that of the BIA or IJ with respect to the credibility of witnesses or ultimate factual findings based on credibility determinations." (citation and internal quotation marks omitted)).  The record here contains no basis for overturning the IJ's credibility determinations as to Kip Men.

application for asylum are her status as a Chin and a Roman Catholic, and reports that the ruling military junta in Burma is actively mistreating members of both these groups. In order to establish a "well-founded fear of future persecution, an alien must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable."[4] An applicant may establish that her fears is objectively reasonable by proving either that she would be singled out for persecution, or that she is a member of, *inter alia*, a racial or religious group against which a pattern or practice of persecution exists.[5] An alien seeking asylum based on a pattern of persecution must establish that she cannot avoid persecution by relocating to another part of the country.[6]

Kip Men produced no credible evidence indicating that she would be singled out for persecution if returned to Burma. Although State Department country reports admitted at Kip Men's hearing indicate that Christians and Chins are subject to mistreatment in Burma along with a number of other ethnic, religious, and political minorities, these reports indicate that the level of mistreatment varies from place to place, and that minorities are frequently left alone if they are not somehow connected with anti-government activity. Further, Kip Men has not

---

[4] *Zhao,* 2005 WL 590829, at *8 (citation and internal quotation marks omitted).

[5] *See* 8 C.F.R. § 203.13(b)(2)(iii).

[6] *Eduard v. Ashcroft*, 379 F.3d 182, 193-94 (5th Cir. 2004).

produced evidence demonstrating that she could not escape persecution by relocating away from areas of high ethnic and religious conflict. Consequently we find that the IJ's conclusion that Kip Men does not qualify for asylum is supported by substantial evidence.

In addition, based on our reading of the IJ's opinion as a whole, we find that the IJ did not apply an incorrect and erroneously stringent standard when reviewing Kip Men's application. In order to establish a well-founded fear of persecution, an applicant for asylum must show that a reasonable person in the same circumstances would fear persecution based on the grounds enumerated in 8 U.S.C. § 1101(a)(42) if deported.[7] After reviewing the totality of the evidence, including Kip Men's testimony which was discounted as not credible, the IJ determined that she was not in danger of persecution on any of the grounds alleged in her application for asylum.

AFFIRMED.

---

[7] *See Mikhael*, 115 F.3d at 304 (finding that in order to establish well-founded fear of persecution, applicant for asylum must show that a reasonable person in the same circumstances would fear persecution based on the grounds enumerated in 8 U.S.C. § 1101(a)(42) if deported).

4