United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60941
Summary Calendar

NAIM ALLMETA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 903 618
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Naim Allmeta appeals from the decision of the Board of
Immigration Appeals (BIA) affirming the immigration judge's (IJ)
denial of his requests for asylum, withholding of removal, and
relief under the Convention Against Torture (CAT).

Allmeta argues that the IJ erroneously concluded that he
failed to establish past persecution or a well-founded fear of
future persecution warranting asylum. He also argues that the
case should be remanded because the IJ did not address his claim
for relief under the CAT. Finally, he asks this court to extend

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his grant of voluntary departure during the pendency of appellate review.

Because Allmeta has failed to show that the evidence is so compelling that no reasonable factfinder could conclude against the IJ's determination that he is not entitled to asylum, we must affirm that finding. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Because he does not specifically challenge the IJ's denial of his request for withholding of removal, that issue is deemed abandoned. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

The IJ's consideration of Allmeta's CAT claim was sufficient. See Roy v. Ashcroft, 389 F.3d 132, 140 (5th Cir. 2004). Accordingly, there is no need to remand the case for further consideration. Allmeta's request for an extension of voluntary departure, assuming we have the authority to consider it, is denied. See Tesfamichael v. Gonzales, 411 F.3d 169, 171-72 (5th Cir. 2005).

PETITION DENIED.