United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-60172
Summary Calendar

———————————

MINAJ MOMIN

                    Petitioner

        v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

                    Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 453 793
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

        Minaj Momin, a native and citizen of India, petitions for

review of an order to the Board of Immigration Appeals (BIA)

affirming an order of the immigration judge (IJ) denying her

application for withholding of removal.  Momin has waived any

challenge to the BIA's denial of her asylum application as

untimely or her request for relief under the Convention Against

Torture.  See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th

Cir. 1986).

--------------------

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court must defer to the BIA's decision unless substantial evidence compels a contrary conclusion. See INS v. Elias-Zacarizs, 502 U.S. 478, 483-84 (1992). Where, as here, the BIA has adopted and affirmed the IJ's decision and also included additional comments supporting its affirmance, this court has jurisdiction to review both the BIA's and the IJ's decisions. See, e.g., Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

Momin challenges the IJ's determination that she is not entitled to withholding of removal based on her Muslim religion. She contends that she established her eligibility for withholding of removal under the INA by adducing evidence that there was frequent violence between Hindus and Muslims in the state of Gujarat, where she is from; that her brother's store in Gujarat was burned down during such violence; that Hindus attack Muslim women; and that a friend of her family's was attacked by Hindus.

The record evidence in the instant case does not compel a conclusion contrary to the determination that Momin was not entitled to withholding of removal under the INA. See Roy v. Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004). The IJ found that Momin had failed to show government complicity in the ongoing Hindu-Muslim violence or a probability that violence would be directed towards Momin on account of her religion. The IJ further noted that Momin's family, both in Gujarat and Bombay, had lived without trouble since the large riots in Gujarat in February 2002. Momin does not contest the IJ's suggestion that

she could return without fear to Bombay, if not Gujarat itself. Momin offers only conclusory, unsupported assertions that she will be persecuted if she returns to India.  Her claim is unavailing.  See Roy, 389 F.3d at 138.

PETITION DENIED.