Amalio
**CALDERON–ONTIVEROS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 86–4503
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1986.

---

Joseph J. Rey, Jr., El Paso, Tex., for petitioner.

Madelyn E. Johnson, Washington, D.C., Edwin Meese, III, Atty. Gen., Dept. of Justice, Robert L. Bombough, Civ. Div., Allen W. Hausman, Asst. Director, Jane A. Williams, Washington, D.C., David H. Lambert, Dist. Director, I.N.S., New Orleans, La., A.H. Giungni, Dist. Director, El Paso, Tex., for respondent.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

GARWOOD, Circuit Judge:

This is a deportation case. Amalio Calderon-Ontiveros (Calderon-Ontiveros), who conceded deportability at his deportation hearing, appeals from the Board of Immigration Appeals' (BIA) affirmance of an immigration judge's decision denying him both suspension of deportation and voluntary departure. The BIA also held that Calderon-Ontiveros' due process rights were not violated in the deportation hearing. Calderon-Ontiveros raises only this latter issue on appeal, and we affirm the BIA.

### Facts and Proceedings Below

At his deportation hearing, Calderon-Ontiveros, a Mexican citizen, admitted illegally entering the United States in 1970, 1976, 1978, and 1984. In 1978, he was accompanied by the woman with whom he had been living in Mexico and their child. The pair were soon married in Chicago, Illinois and have since had three more children, all United States citizens. In July 1984, officers with the Immigration and Naturalization Service (INS) apprehended Calderon-Ontiveros in Las Cruces, New Mexico and he was sent back to Mexico. Later that month, he crossed the border back into this country, but was apprehended while doing so by INS officials. The present proceedings commenced with a deportation hearing held on September 24, 1984.

Calderon-Ontiveros, who was represented by counsel at the hearing, conceded deportability. He gave notice that he would seek voluntary departure. *See* 8 U.S.C. § 1254 (providing for voluntary departure which "offers significant advantages over deportation." *Parcham v. INS*, 769 F.2d 1001, 1002 n. 1 (4th Cir.1985)). Calderon-Ontiveros also gave notice that he would seek suspension of deportation, *see* 8 U.S.C. § 1254(a)(1), although he apparently had not filed a formal application for this relief.

The immigration judge recognized that a threshold requirement for suspension of deportation is that the applicant have been "physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application." *Id.* He was also familiar with the Supreme Court's holding that this continuous physical presence requirement is to be applied literally. *INS v. Phinpathya*, 464 U.S. 183, 104 S.Ct. 584, 592–93, 78 L.Ed.2d 401 (1984). Accordingly, he asked Calderon-Ontiveros a series of questions designed to identify past instances when he had illegally entered the United States. If such an *entry* fell within the preceding seven years, Calderon-Ontiveros necessarily would have established an absence from the country and thus his ineligibility for suspension of deportation. The government offered as evidence the INS report describing Calderon-Ontiveros' July 30, 1984 apprehension as he entered the United States near El Paso. Before admitting this document, the judge questioned Calderon-Ontiveros about it and asked him to underline the portions with which he disagreed. This questioning occurred off the record; the judge denied the request of Calderon-Ontiveros' attorney to read the report prior to his questions. The attorney did, however, confer with Calderon-Ontiveros while the judge read and explained the apprehension report. After questioning Calderon-Ontiveros, the judge admitted the report into evidence. When the proceedings went back on the record, Calderon-Ontiveros admitted that he had been outside the United States in July 1984.

The immigration judge's manner of conducting the hearing—his questioning of Calderon-Ontiveros with regard to the apprehension report before allowing counsel to read it, his admission of the report into evidence, posing some questions off the record, and his on-the-record colloquy with Calderon-Ontiveros concerning the latter's past illegal entries into this country—so aggravated Calderon-Ontiveros' attorney that when his turn came to present evidence he refused to do so, and asked instead that the judge terminate the hearing

on grounds that his client's due process rights had been violated. The judge refused to stop the hearing and then denied suspension of deportation and voluntary departure. The judge held that Calderon-Ontiveros was not entitled to the former relief because he had not been continuously present in the United States during the preceding seven years. The judge denied voluntary departure because of Calderon-Ontiveros' past history of illegal entries.

In his appeal to the BIA, Calderon-Ontiveros complained that the actions of the immigration judge interfered with his constitutional right to counsel. He also asserted that the judge abused his discretion in denying suspension of deportation and voluntary departure. In a brief order, the BIA affirmed the immigration judge.

Calderon-Ontiveros timely instituted this appeal and raises only the issue of whether the immigration judge violated his due process rights guaranteed by the fifth and fourteenth amendments.

### Discussion

■ By failing to brief the voluntary departure and suspension of deportation issues, Calderon-Ontiveros has waived our consideration of them. We do not examine issues not raised on appeal "absent the possibility of injustice so grave as to warrant disregard of usual procedural rules." *McGee v. Estelle,* 722 F.2d 1206, 1213 (5th Cir.1984) (en banc) (footnote omitted); *see Olgin v. Darnell,* 664 F.2d 107, 108 (5th Cir.1981). After studying the record, it is plain to us that we will create no such possibility by applying the usual rule here.

■ We must, however, consider whether the immigration judge violated the due process rights of Calderon-Ontiveros. In the administrative law context, as elsewhere, procedural due process is violated only if the government's actions substantially prejudice the complaining party. *Ka Fung Chan v. INS,* 634 F.2d 248, 258 (5th Cir.1981); *see Keough v. Tate County*

*Board of Education,* 748 F.2d 1077, 1083 (5th Cir.1984).

■ Calderon-Ontiveros apparently believes that the immigration judge's vigorous questioning substantially prejudiced his case.[1] We disagree and hold that the judge's questions did not deny Calderon-Ontiveros a fair and meaningful hearing. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (stating that "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner'") (quoting *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)); *see also Harper v. Lindsay,* 616 F.2d 849, 858 (5th Cir.1980) (noting that the "fundamentals of due process" are notice, hearing, and appeal). The judge's questions do not appear to have been designed to trick Calderon-Ontiveros and he does not suggest that the judge's participation resulted in an incorrect resolution of his case. Based on his own admissions, Calderon-Ontiveros was not entitled to suspension of deportation, and his history of past illegal entries is ample support for a discretionary denial of voluntary departure. *See Carnejo-Molina v. INS,* 649 F.2d 1145, 1151 (5th Cir.1981) (stating that appellate review of a denial of voluntary departure is limited to whether the Attorney General exercised his discretion arbitrarily or capriciously); R. Steel, *Steel on Immigration Law* § 14:48 at 454 (1983) (stating that one factor in deciding whether to grant voluntary departure is the "nature and extent of immigration violations").

The judge gave counsel the opportunity to present evidence in support of Calderon-Ontiveros, but counsel deliberately bypassed this opportunity. There is no record evidence supporting Calderon-Ontiveros. We hold that the deficiencies in his case, rather than the immigration judge's conduct, wholly explain the outcome below. *See Keough,* 748 F.2d at 1083. Calderon-Ontiveros would have us remand his case, presumably for the sole

---

1. 8 U.S.C. § 1252(b) permits the judge to "interrogate, examine, and cross-examine the alien." The judge did not exceed his statutory authorization.

purpose of conducting the hearing differently but not, he must concede, for the purpose of altering the ultimate outcome. He has cited no cases, and we have found none, to support this notion.[2] Clearly, claimed deficiencies in the hearing, singly and collectively, do not even arguably approach a level of seriousness or unfairness such that it could reasonably be characterized as no hearing at all. Further, there is also nothing to suggest that the immigration judge was constitutionally disqualified by interest or bias.

■ Calderon-Ontiveros also complains that the judge erred in admitting the INS apprehension report, which was hearsay. The relevant case law is to the contrary. *See Tejeda-Mata v. INS*, 626 F.2d 721, 724 (9th Cir.1980) (upholding the admission, over a hearsay objection, of an INS apprehension report such as was admitted in Calderon-Ontiveros' case), *cert. denied*, 456 U.S. 994, 102 S.Ct. 2280, 73 L.Ed.2d 1291 (1982). The Administrative Procedure Act, which governs such hearings, excludes only "irrelevant, immaterial, or unduly repetitious evidence." 5 U.S.C. § 556(d). It is well established that hearsay is admissible in administrative proceedings. *E.g., School Board v. HEW*, 525 F.2d 900, 905 (5th Cir.1976); *Hoska v. United States Department of the Army*, 677 F.2d 131, 138 (D.C. Cir.1982) (stating that "[p]rovided it is relevant and material, hearsay is admissible in administrative proceedings generally"). Moreover, the hearsay was merely cumulative of Calderon-Ontiveros' on-the-record admission that he had been outside the United States during a period in 1984.

■ Finally, the government asks us to sanction Calderon-Ontiveros for filing a frivolous appeal. Calderon-Ontiveros has filed no reply to the government's brief requesting such relief. The substantive argument in his appellate brief occupies just one page and cites not a single supporting case. The constitutional claim is utterly without merit. The brief fails to raise the two substantive issues central to his case below. Thus, we can infer only that Calderon-Ontiveros filed this appeal solely to delay his ultimate deportation. Appeals filed for delay are frivolous, *Dallo v. INS*, 765 F.2d 581, 589 (6th Cir.1985), and pursuant to Fed.R.App.P. 38, we award double costs to the government in this case. Rather than place the full burden of this sanction on Calderon-Ontiveros, we hold his counsel personally responsible for one half of this award. *See* 28 U.S.C. § 1927; *Dallo*, 765 F.2d at 589–90.

### Conclusion

We affirm the BIA order holding that Calderon-Ontiveros' due process rights were not violated during his deportation hearing. Furthermore, we award double costs to the government, to be borne equally by Calderon-Ontiveros and his attorney.

AFFIRMED.

---

**2.** It is not clear why the immigration judge's questions with regard to the apprehension report could not have been on the record. The Immigration and Nationality Act requires a record of the deportation hearing. 8 U.S.C. § 1252(b). However, the judge's questions were in connection with the government's offer of the apprehension report into evidence, and in these circumstances the relevant regulations permitted the judge, in the exercise of his discretion, to hold the questioning off the record. 8 C.F.R. § 242.15. In the absence of any showing of prejudice, we will not disturb the immigration judge's exercise of discretion. *Avila-Murrieta v. INS*, 762 F.2d 733, 736 (9th Cir.1985).