9 F.3d 1543
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
v.
Wilber Nicolas DIAZ; Lourdes Irasema Diaz; Lourdes Andrei
Diaz, Petitioners,
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-2167.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 7, 1993.
Decided: November 15, 1993.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service.
 Robert W. Minor, Jacobus, Pennsylvania, for Petitioners.
 Stuart M. Gerson, Assistant Attorney General, Lisa Dornell, Acting Assistant Director, Alice M. King, Civil Division, United States Department of Justice, for Respondent.
 I.N.S.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Wilber Diaz ("Diaz"), his wife (Lourdes Irasema Diaz), and their twelve-year-old daughter (Lourdes Andrei Diaz) appeal from a decision of the Board of Immigration Appeals ("BIA"), affirming the decision of the Immigration Judge ("IJ") ordering deportation and denying their applications for asylum and withholding of deportation. Finding no error in the BIA's decision, we affirm.
 
 
 2
 Petitioners, natives and citizens of Peru, were charged with having entered the United States without inspection. 8 U.S.C.A. § 1251(a)(2) (West Supp. 1992). After conceding deportability, Petitioners applied for asylum and withholding of deportation based on a November 1985, incident in Lima, Peru.
 
 
 3
 At that time, Diaz operated a furniture store in a building leased from one Ricardo Estrada. Estrada asked Diaz to store some small black boxes, allegedly containing milk containers, in the building. Diaz agreed, but later discovered that the boxes actually contained dynamite. Diaz reported the dynamite to the local police, who removed the dynamite and told Diaz that it had been stolen from an explosives factory. That same evening, Diaz's furniture store was destroyed by fire. Subsequent notes and telephone calls to his family threatening his life led Diaz to surmise that a group of anti-government guerrillas had destroyed his business in retaliation for his reporting to the police. Shortly thereafter, without reporting the threats to police or other authorities, Diaz obtained a passport and visa to Mexico, and eventually entered the United States. His wife and daughter remained in the family's residence in Peru and joined Diaz in the United States five months later. Diaz claims that, if deported to Peru, his family will be persecuted by the guerrillas due to his reporting of the dynamite.
 
 
 4
 The IJ denied Petitioners' applications for asylum and withholding of deportation, finding Petitioners lacked a well-founded fear of persecution and were not threatened in their home country on account of their political views. Upon appeal, the BIA accepted the IJ's order and dismissed Petitioners' appeal.
 
 
 5
 In this appeal, Petitioners first contend that the IJ erred in selectively applying the Federal Rules of Evidence during the deportation hearings and in employing the wrong standard for political asylum cases. However, Petitioners did not raise these contentions during their appeal to the BIA. That failure to exhaust available administrative remedies precludes this Court from considering those issues in the instant appeal. Tarvand v. United States INS, 937 F.2d 973, 977 (4th Cir. 1991); Farrokhi v. United States INS, 900 F.2d 697, 700-01 (4th Cir. 1990); 8 U.S.C.A. § 1105a(c) (West Supp. 1992).
 
 
 6
 Petitioners next argue that the IJ abused his discretion by his remarks and conduct during the deportation hearing. The only instance of alleged IJ misconduct raised by Petitioners before the BIA was the IJ's purported hostility, by way of intimidating behavior, expressed toward Petitioners and their attorney. Our review of the deportation hearing transcript reveals no hostile or intimidating conduct but, rather, acts consistent with the IJ's statutory authority to "present and receive evidence, interrogate, examine, and cross-examine the alien and witnesses." 8 U.S.C.A.s 1252(b) (West Supp. 1992). We do not consider any other aspect of the IJ's remarks and conduct during the hearing because Petitioners failed to raise any other such issue before the BIA, and because this Court reviews only the findings and orders of the BIA, not the IJ. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).
 
 
 7
 Petitioners claim their due process rights were violated when the IJ erroneously permitted Respondent's counsel to ask purportedly irrelevant questions about Diaz's employment history in the United States. The BIA reviewed this claim and determined that the questions asked were indeed relevant and did not prejudice Petitioners. Our de novo review of this alleged due process violation, see Barraza Rivera v. INS, 913 F.2d 1443, 1448 (9th Cir. 1990), reveals this line of questioning was consistent with the IJ's broad discretion "to control the scope of any evidentiary hearing," 8 C.F.R. § 242.17(c)(4)(ii)(1992), and Petitioners suffered no resulting substantial prejudice. See Farrokhi, 900 F.2d at 703 n.7; Calderon-Ontiveros v. Immigration & Naturalization Serv., 809 F.2d 1050, 1052 (5th Cir. 1986).
 
 
 8
 Finally, Petitioners contest the findings of the IJ and the BIA that the single incident of the burning of Diaz's furniture store did not establish a well-founded fear of persecution. Factual determinations by the BIA are upheld if supported by substantial evidence, and reversed "only if the evidence presented by the petitioner 'was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Huaman-Cornelio, 979 F.2d at 999 (quoting INS v. Elias-Zacarias, 60 U.S.L.W. 4130, 4132 (U.S. 1992)).
 
 
 9
 Fear of persecution on grounds other than "race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C.A. §§ 1101(a)(42), 1253(h)(1) (West Supp. 1992), does not render an applicant eligible for asylum. Huaman-Cornelio, 979 F.2d at 999-1000; M.A. A26851062 v. United States INS, 899 F.2d 304, 314-15 (4th Cir. 1990). Any potential for guerilla retribution against Petitioners stems from Diaz's reporting of possible criminal activity, not from any actual or imputed political views. See Cuadras v. United States INS, 910 F.2d 567, 571 (9th Cir. 1990). The mere existence of a political motive underlying the guerrillas' possible actions does not necessarily render those acts persecution on account of Petitioners' political views. Elias-Zacarias, 60 U.S.L.W. at 4131. Moreover, Diaz's failure to report the threats to the authorities precludes Petitioners from making the requisite showing for a claim of a well-founded fear of persecution by a non-government group, namely that the Peruvian government is unable or unwilling to control the group from whom Petitioners fear persecution. See Rodriguez-Rivera v. United States Dep't of Immigration & Naturalization, 848 F.2d 998, 1006 (9th Cir. 1988).
 
 
 10
 We find the determinations by the BIA, that Petitioners failed to prove a well-founded fear of persecution, are supported by substantial evidence. Petitioners' inability to demonstrate a well-founded fear of persecution also precludes them from satisfying the more stringent burden of probability of persecution required for withholding of deportation under 8 U.S.C.A. § 1253(h). Huaman-Cornelio, 979 F.2d at 1000. Hence, the BIA properly upheld the IJ's denial of Petitioners' applications for asylum and withholding of deportation, and we affirm the BIA's decision.
 
 
 11
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED