United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60155
Summary Calendar

———————————————

MARIA ANTONIA TZOC-AJUCUM,

Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70-687-299
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Maria Antonia Tzoc-Ajucum, a citizen of Guatemala, petitions for review of the final order of the Board of Immigration Appeals ("BIA") dismissing her appeal from the Immigration Judge's ("IJ") decision denying her applications for asylum and withholding of removal. The BIA found that Tzoc had suffered past persecution on account of her political opinion but the IJ nevertheless denied Tzoc's application for asylum in which Tzoc alleged that,

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because she had voiced her disagreement with the political views of the guerillas during Guatemala's civil war, she had been persecuted by the guerrillas, who had attempted to recruit her to fight in the war.

Tzoc argues that the presumption of a well-founded fear of future persecution was not rebutted. We conclude that the BIA's decision is supported by substantial evidence and that the evidence in the record does not compel a contrary conclusion. See I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997). Tzoc also argues that the BIA should have granted discretionary asylum even in the absence of a fear of future persecution. To the extent that this argument is based on the contention that she showed compelling reasons for being unwilling to return to Guatemala, we conclude that the BIA's decision was not manifestly contrary to law or an abuse of discretion. 8 U.S.C. § 1252(b)(4)(D). To the extent that this argument is based on the contention that Tzoc faced a reasonable possibility of other serious harm upon her return to Guatemala, Tzoc has failed to exhaust her administrative remedies with respect to this claim. See Witter v. I.N.S., 113 F.3d 549, 554 (5th Cir. 1997).

Tzoc has also failed to exhaust her administrative remedies with respect to her claim that, because her asylum application would have been granted if it had been decided more promptly, Ashcroft should be estopped from arguing for the denial of asylum

based on the change in country circumstances that occurred during the pendency of her application.  See id.  In any event, Tzoc has not alleged any wrongdoing on the part of Ashcroft or any failure in carrying out Ashcroft's duties that would support a finding of estoppel.  Tzoc has abandoned the issue of the denial of her application for withholding of deportation by failing to address that issue in her petition for review.  See Calderon-Ontiveros v. I.N.S., 809 F.2d 1050, 1052 (5th Cir. 1986).

Tzoc's petition for review is DENIED.