United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-60431
Summary Calendar

———————————

SABU HOSSAIN,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

———————————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73 185 803

———————————————————————————————

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sabu Hossain petitions for review of the Board of
Immigration Appeals' (BIA) summary affirmance of the Immigration
Judge's (IJ) decision to deny his application for asylum,
withholding of removal, and relief under the Convention Against
Torture (CAT). Hossain challenges the IJ's determination that his
testimony was not credible, and he also takes issue with the IJ's

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

alternative determination Hossain is not entitled to asylum even if his testimony is assumed to be truthful.

On a petition for review of a BIA decision, this court reviews factual findings for substantial evidence and questions of law de novo. See Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). "The substantial evidence standard requires only that the BIA's decision be supported by record evidence and be substantially reasonable." Omagah v. Ashcroft, 288 F.3d 254, 258 (5th Cir. 2002).

This court gives great deference to an IJ's decision concerning an alien's credibility. See Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002). The IJ's determination that Hossain was not credible is a reasonable interpretation of the administrative record and is therefore supported by substantial evidence. See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). Absent credible evidence, the BIA has no basis upon which to grant asylum. See id. Because Hossain's lack of credibility is an adequate ground for affirming the BIA's denial of Hossain's asylum application, there is no need to address the alternative holding that even if Hossain were credible he would not be eligible for relief. See id.

Hossain has waived any issues relating to the BIA's denial of withholding of removal and its denial of relief under the CAT by failing to address them in his brief. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

Hossain's petition for review is **DENIED.**