United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

04-60441
Summary Calendar

JIAN CHENG LIN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
No. A95 213 895

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jian Cheng Lin, a native and citizen of China, appeals the decision by the Board of Immigration Appeals (BIA), affirming the denial of his application for asylum. Lin has abandoned his appeal from the BIA's denial of withholding of removal and relief under the Convention Against Torture for his claims of physical harm for illegally departing China. *See **Calderon-Ontiveros v. INS,*** 809 F.2d 1050, 1052 (5th Cir. 1986).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lin claims the BIA erred: in denying him asylum based upon his wife's grant of asylum due to China's Coercive Population Control (CPC) policy; and in failing to extend spousal asylum under *In Re CYZ*, 21 I. & N. Dec. 915 (1997), because, under Texas law, he was the common-law spouse of his wife when she was granted asylum (they were married after the asylum-grant).

We need not address the issue of common-law marriage because the BIA did not err in ruling that spousal asylum under *CYZ* was inapplicable. Lin concedes that his wife suffered no past persecution either through a forced abortion or sterilization. He acknowledged at his asylum hearing that, due to her being granted asylum, his wife would not be required to return to China. She, therefore, has no well-founded fear of future persecution. As a result, Lin has not demonstrated he is entitled to asylum based on his wife's circumstances. Accordingly, the BIA's decision denying asylum and determining *CYZ* was inapplicable is substantially reasonable. *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

As a second issue, Lin contends: this court should remand his petition for consideration of additional evidence (his wife is pregnant with their second child); and, should he be forced to return to China, he would be in violation of the CPC policy.

Under 8 U.S.C. § 1252(a)(1), our court does not have authority to remand for consideration of additional evidence.

2

Lin's reliance upon *INS v. Ventura*, 537 U.S. 12 (2002), is misplaced because, in that case, the Supreme Court remanded the petition to the BIA for consideration of evidence on an issue the BIA had *failed* to address. *Id.* at 17-18. Here, Lin seeks to have this court order the BIA to consider a new issue raised for the first time in his petition for review.

*PETITION FOR REVIEW DENIED*