United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60344
Summary Calendar

_____

WEI GUO,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 448 286
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Wei Guo, a native and citizen of The Peoples' Republic of
China, petitions for review of an order of the Board of
Immigration Appeals (BIA) denying his motion to remand his case
to the IJ and affirming the immigration judge's (IJ) denial of
his application for asylum and withholding of removal.  Guo does
not challenge the BIA's decision to affirm the IJ's denial of
relief under the Convention Against Torture.  Accordingly, Guo
has waived review of that issue.  See Calderon-Ontiveros v. INS,
809 F.2d 1050, 1052 (5th Cir. 1986).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The BIA dismissed Guo's application for asylum and withholding of removal based in part on the IJ's opinion, which it adopted and affirmed, and in part on its own findings. Accordingly, we review both decisions. See Polat v. Gonzales, No. 04-60238, 2005 WL 1274502, at *1 (5th Cir. May 27, 2005) (unpublished). We review the immigration courts' findings of fact, including findings regarding credibility and eligibility for asylum or withholding of removal, to determine if they are supported by substantial evidence in the record. Mikhael v. INS, 115 F.3d 299, 304 (5th Cir. 1997); Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). Under substantial evidence review, we will not reverse the factual findings unless the evidence not only supports a contrary conclusion, but compels it. Chun, 40 F.3d at 78. We give great deference to decisions by the IJ and BIA regarding alien's credibility. Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002).

Guo claims that he cannot return to China because he is a Christian, he is wanted for questioning by Chinese authorities because he mailed religious materials to a member of an unregistered church in China, Chinese authorities questioned and beat his father as a result of his activities, and he will likely lose his religious freedom and be beaten or imprisoned if he returns to China. Guo has not shown that the record compels a conclusion that the credibility determination at issue must be overturned. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

Moreover, the finding of the BIA and IJ that Guo failed to establish that he is unable or unwilling to return to China "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." is supported by substantial evidence. See 8 U.S.C. § 1101(a)(42)(A); Li v. Gonzales, 420 F.3d 500, 507-11 (5th Cir. 2005). As Guo cannot show a well-founded fear of persecution, he cannot show a clear probability of persecution to establish eligibility for withholding of removal. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

The BIA did not abuse its discretion in denying Guo's motion to remand his case to the IJ for the consideration of additional evidence. See Ogbemudia v. INS, 988 F.2d 595, 599-600 (5th Cir. 1993) (treating a motion to remand as a motion to reopen). Guo failed to establish that the evidence could not have been obtained prior to his removal hearing. See id.

The petition for review is DENIED.