United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60219
Summary Calendar
_____

MERAJ AHMED,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 005 664
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

     Meraj Ahmed seeks a petition for review of the Board of
Immigration Appeals' (BIA) denial of his motion to reopen.  This
court reviews the denial of a motion to reopen for an abuse of
discretion and will not find such abuse of discretion unless the
denial is "capricious, racially invidious, utterly without
foundation in the evidence, or otherwise so aberrational that it
is arbitrary rather than the result of any perceptible rational
approach."  Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993)
(internal quotation marks and citation omitted).  The BIA may

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deny a motion to reopen if the evidence submitted does not establish a prima facie claim for relief.  INS v. Doherty, 502 U.S. 314, 323 (1992).

Ahmed sought to reopen his removal proceedings on the alternative grounds that he did not knowingly waive his right to apply for withholding of removal and that changed circumstances in his native country of Pakistan rendered him eligible for withholding of removal.

Ahmed does not challenge the BIA's rejection of his claim that he did not knowingly waive his right to apply for withholding of removal.  Accordingly, this issue is abandoned. Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986). Ahmed contends that a remand is required because the BIA's order denying the motion to reopen did not address his claim of changed circumstances in Pakistan.  Our review of the record shows that this argument is contradicted by the plain wording of the BIA's order.  We find that the BIA did not abuse its discretion in denying the motion to reopen.  Moreover, Ahmed has failed to make a prima facie showing that he is eligible for withholding of removal.  Doherty, 502 U.S. at 323.

PETITION FOR REVIEW DENIED.