United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60174
Summary Calendar

ADEKUNLE ABOLAJI KAZEEM,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 133 054
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Adekunle Abolaji Kazeem (Kazeem), a citizen of Nigeria, petitions this court for review of the order of the Board of Immigration Appeals (BIA) adopting and affirming the immigration judge's decision denying his application for withholding of removal, protection under the Convention Against Torture (CAT), and his request for voluntary departure. Kazeem contends that he provided sufficient evidence to sustain his burden of proof regarding his application for withholding of removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews "the BIA's factual conclusion that an alien is not eligible for withholding of [removal] only to determine whether it is supported by substantial evidence." Zamora-Morel v. I.N.S., 905 F.2d 833, 838 (5th Cir. 1990). The substantial evidence standard requires that the decision be affirmed unless "the evidence compels a contrary conclusion." Carbajal-Gonzalez v. I.N.S., 78 F.3d 194, 197 (5th Cir. 1996); see also I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

Kazeem fails to show that substantial evidence supports the conclusion that he has suffered past persecution or will more than likely suffer persecution if he is returned to Nigeria. See 8 C.F.R. § 208.16(b); Majd v. Gonzales, 446 F.3d 590, 594 (5th Cir. 2006). Kazeem has abandoned the issues regarding the denial of his applications for asylum, voluntary departure, and relief under the CAT by failing to brief the issues in his petition for review. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986). Accordingly, Kazeem's petition for review is DENIED.