# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 06-60675
Summary Calendar

BIKRAMJEET SINGH

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 707 726

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Bikramjeet Singh, a native and citizen of India, has filed a petition for review from a decision of the Board of Immigration Appeals (BIA). An immigration judge (IJ) determined that Singh was ineligible for adjustment of status and ordered him removed to India. While Singh's appeal of the IJ's decision was pending before the BIA and after briefing had been completed by the parties, the Attorney General and Secretary of the Department of Homeland

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Security (DHS) issued an interim rule repealing the regulations that barred Singh's eligibility for adjustment of status and clarifying where jurisdiction lies to adjudicate adjustment applications. Applying the interim rule, the BIA determined that the IJ lacked jurisdiction to consider Singh's adjustment application.

Singh argues that his due process rights were violated because the BIA decided his case pursuant to the interim rule, which the parties did not have an opportunity to address. Singh's argument is unavailing because "discretionary relief from removal, including an application for adjustment of status, is not a liberty or property right that requires due process protection." Ahmed v. Gonzales, 447 F.3d 433, 440 (5th Cir. 2006).

Singh makes no argument that the BIA otherwise misapplied the interim rule, that the interim rule is inapplicable to his case, or that the regulations amended by the interim rule are facially invalid in their current form. Singh has thus waived any such arguments. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986). Instead, Singh argues that remand is appropriate based on additional amendments presented in the interim rule for consideration and public comment. Singh argues that these prospective amendments could later be found to conflict with 8 U.S.C. § 1255(a). Singh's argument is not ripe for review. See Chem. Mfrs. Ass'n v. EPA, 870 F.2d 177, 233 (5th Cir. 1989).

The petition for review is DENIED.