**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-60496
Summary Calendar

JESUS S RAUDA; SINDY RAQUEL RAUDA

Petitioners

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 276 954
BIA No. A72 452 962

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioners seek review of an order issued by the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) order of removal and the denial of various applications for relief from removal. They do not challenge the following determinations by the BIA: (1) that Mr. Rauda's prior conviction for failing to stop and render aid following a motor vehicle accident was a crime involving moral turpitude (CIMT); (2) that Mr. Rauda's CIMT rendered him

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1); (3) that relief under the Convention Against Torture is not warranted; and (4) that Mr. Rauda had not suffered past persecution. These issues are deemed waived. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

The application for cancellation of removal under the special rules applied to certain Salvadorans under the Nicaraguan Adjustment and Central American Relief Act (NACARA), Pub. L. No. 105-100, 111 Stat. 2193 (1997), is subject to the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B). *See* NACARA § 203(b), 111 Stat. 2198. Accordingly, we lack jurisdiction to review the challenge to the BIA's denial of that form of discretionary relief. That portion of the petition is dismissed.

The petitioners challenge the BIA's denial of the applications for asylum and withholding of removal. They contend that there was record evidence supporting the fear of future persecution in El Salvador based on the fact that Rauda's uncle was killed by the Salvadoran government army. Rauda testified that his uncle, whose name he could not recall, was killed by the Salvadoran army in 1980. He did not state a motive for that killing. Rauda also testified that, in 1990 or 1991, he indirectly received a death threat, but it is unclear whether the threat was by the government's military or by guerillas who opposed the military. Further, Rauda conceded that he returned to El Salvador in 1998 and in 2002 and encountered no problems during those visits. As Rauda did not present specific, detailed facts showing that he had a reasonable fear of being singled out for persecution upon his return to El Salvador, the BIA's denial of his claims for asylum and withholding of removal is supported by substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002); *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). With respect to these claims, the petition for review is denied.

PETITION DISMISSED IN PART; DENIED IN PART.