# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2010

Charles R. Fulbruge III
Clerk

No. 09-30612
Summary Calendar

———————

RODNEY WASHINGTON

Plaintiff-Appellant

v.

JOHN E. POTTER, Postmaster General, on behalf of the United States Postal
Service Agency

Defendant-Appellee

———————

Appeal from the United States District Court for the
Western District of Louisiana
Nos. 02-CV-752, 04-CV-1969, & 07-CV-1192

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

This employment discrimination/retaliation case is a result of three lawsuits filed by the plaintiff-appellant, Rodney Washington. The defendant-appellee, John E. Potter, filed a motion to dismiss a portion of one of the claims and motions for summary judgment as to the others. The district court decided all three motions in Potter's favor and Washington appeals. For the following reasons, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. 02-CV-752

### A.

Washington, a black man, began working as a mail handler for the United States Postal Service in October 1984. In September 1996, while working in the Alexandria office, he sustained an injury and was moved to a light duty position. As a result, Washington filed a claim with the Equal Employment Opportunity Commissions ("EEOC") alleging that this transfer was discriminatory based on his race. By December 1996, this light duty position was no longer available. On December 25, 1996, Washington's supervisor directed two Postal Service employees to phone Washington and inform him that he would not be able to return to work without submitting a full medical clearance form. Washington reported to work on January 8, 1997 without furnishing such a form. After arriving, his supervisor informed him that the light duty position was unavailable, and that he could not return to work without full medical clearance. The supervisor then made Washington clock out.

After filing another EEOC complaint in July 1997 concerning the December 1996 and January 1997 incidents, Washington filed the lawsuit in cause 02-CV-752. He claimed the following were acts of racial discrimination, color discrimination, and/or retaliation: (1) the harassing telephone calls telling him to obtain medical clearance, (2) being forced to clock out, (3) the denial of light duty work, and (4) the denial of a right to return to work.

### B. Motion to Dismiss

Potter filed a motion to dismiss Washington's claims based on denial of light duty work and denial of a right to return to work, arguing that Washington failed to exhaust these claims administratively. The district court found that Washington's EEOC claim addressed only the harassing telephone calls and

being forced to clock out. The district court also found that the EEOC complaint and its investigation on the complaint were narrowly tailored to address only those factual allegations concerning the telephone calls and being forced to clock out. Because the other claims were based on factors not before the EEOC, the district court stated that these claims had not been exhausted and granted Potter's motion to dismiss.

We review *de novo* a district court's decision regarding exhaustion. *McClain*, 519 F.3d at 273. After reviewing the record, we agree with the district court that the EEOC complaint made was a limited one; the investigation conducted made it clear that the agency did not understand Washington to be bringing the denial of light duty and denial of a right to return to work claims. The district court was correct in dismissing these claims.

### C. Motion for Summary Judgment

Potter filed a motion for summary judgment on the two remaining claims under cause 02-CV-752, and the district court granted his motion.

On appeal, Washington does not challenge the district court decision regarding the telephone calls and we do not consider this issue. *Calderon-Ontiveros v. Immigration & Naturalization Serv.*, 809 F.2d 1050, 1052 (5th Cir. 1986). The only issue argued is whether the district court erred in granting summary judgment as to his claim based on his employer's instruction to clock out.

The district court stated that Washington failed to establish a prima facie case of racial discrimination as required by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, the court found that Washington was not qualified for a full duty position because he suffered a "physical disability . . . that rendered him unfit for the position for which he was hired." *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 350 (5th Cir. 2007) (internal citation omitted). This is uncontested.

3

Washington does not argue that he was physically able to perform his regular work. Second, the court found that making Washington return home until he received medical clearance was not an adverse employment action under the *McDonnell Douglas* framework. We agree. In *McCoy v. City of Shreveport*, we said: "adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." 492 F.3d 551, 559 (5th Cir. 2007).

As for his retaliation claim, the district court stated that making Washington return home was not materially adverse under *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), meaning that it would not dissuade "a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68. Furthermore, the court said that even if Washington could make out a prima facie case of retaliation, he failed to present evidence that the but-for cause of his being placed off the clock was his earlier EEOC activity. *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005). The court found that he was directed to clock out because the Postal Service had no light duty work available for him, and that the summary judgment evidence did not rebut this fact.

We review the district court's grant of summary judgment *de novo*. *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). After reviewing the summary judgment record, we find that Washington failed to present any genuine issues of material fact and that Potter is entitled to judgment as a matter of law.

## II. 04-CV-1969

On June 1, 2001, Washington received a letter from the Postal Service's Alexandria branch informing him that a light duty position was again available. He accepted this offer. His scheduled days off each week were Sunday and

Tuesday. On Thursday, September 13, 2001, Washington submitted two forms requesting a schedule change permitting him to take off on Saturday instead of Tuesday. His supervisor, Connie Hayes, approved the schedule change for September 8–14, but denied the change for September 15–28. Washington failed to show up for work on Saturday, September 15. Because of this, on October 2, he was suspended for seven days.

In 2004, after filing an EEOC complaint, Washington filed suit, arguing (1) that his suspension was a racially discriminatory and/or retaliatory act, and (2) that he was being paid less than a similarly situated co-worker.

Potter filed a motion for summary judgment on these claims, and the district court granted his motion.

As to his suspension, the district court stated that Washington failed to make out a prima facie case of racial discrimination under the *McDonnell Douglas* framework. Specifically, the court found that he failed to show that "similarly situated employees outside the protected class were treated more favorably." *Wheeler v. BL Dev. Co.*, 415 F.3d 399, 405 (5th Cir. 2005). Washington presented evidence that at least three non-black employees had received less severe punishments than he had, but the court found that the Postal Service had legitimate, non-discriminatory reasons for this disparate treatment—the other employees held different positions, their violations were less severe, and a different supervisor disciplined them. As for Washington's retaliation claim, the court found that he failed to present evidence that the but-for cause of his being suspended for seven days was his earlier EEOC activity. *Septimus*, 399 F.3d at 608.

We agree with the district court that the summary judgment evidence established that Washington was suspended because he failed to show up for work. Washington presented no summary judgment evidence tending to rebut

this fact. The other employees he points to were not similarly situated.

As to Washington's disparate pay claim, the Postal Service paid him at Level 5 when he left in 1997, but at Level 4 when he returned in 2001. In 2001, another light duty employee with Washington's job description was paid at Level 5.

The district court found that although Washington was able to make out a prima facie case of racial discrimination, the Postal Service had a legitimate, non-discriminatory reason for paying him at Level 4. The Postal Service presented evidence that pursuant to Postal Service pay regulations, Washington's base pay was Level 4, and that he was paid at Level 5 only for short term, higher level work he performed in 1997. The other employee Washington compares himself to was paid at Level 5 as required by the pay regulations. Thus, the district court found that Washington failed to present evidence that the Postal Service's legitimate, non-discriminatory reason for its action was a pretext for discrimination. *Okoye v. Univ. Of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513–14 (5th Cir. 2001).

We agree with the district court that the summary judgment evidence establishes that Washington was paid according to Postal Service regulations. Summary judgment is proper as to cause 04-CV-1969.

### III. 07-CV-1192

In 2003, Washington was transferred from the Alexandria Post Office to the Vidalia Post Office to work as a city letter carrier. However, once in Vidalia, he claimed that his 1996 injury prevented him from performing this job. Because the Vidalia Post Office had a limited amount of light duty work, Washington was offered light duty work in the Ferriday Post Office. He accepted this offer. But on October 3, 2003, Washington's supervisor informed him that light duty work was no longer available. Washington then attended and completed letter carrier

training. When asked to complete carrier driving training, however, he replied that he could not due to a medication he was prescribed.

Washington's supervisor repeatedly requested that Washington submit medical documentation to substantiate his claim, but he refused. On March 2, 2005, Washington received a letter requesting this documentation no later than March 14. Washington did not comply with the deadline. On June 1, he was given notice of removal. He appealed this notice, but the Postal Service rejected his claims. His termination became final on June 28, 2007. After filing another EEOC complaint, Washington filed this suit claiming racial discrimination and/or retaliation based on his termination.

The district court granted Potter's motion for summary judgment, finding that Washington failed to make out a prima facie case of discrimination. On appeal, Washington argues only that to the extent we find genuine issues of material fact as to causes 02-CV-752 and 04-CV-1969, we should also find a genuine issue in this suit.

The summary judgment record reveals that the Postal Service established by uncontradicted evidence that Washington failed to provide required medical documentation to substantiate his claims, and that neither the Vidalia nor Ferriday Post Offices had any light duty work available for Washington. Under these circumstances, we agree that summary judgment was proper. The Postal Service provided a legitimate, non-discriminatory reason for terminating Washington, and he produced no summary judgment evidence indicating that his termination was pretextual.

IV.

We affirm the district court's dismissal of Washington's claims.

AFFIRMED.