# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2010

Lyle W. Cayce
Clerk

No. 09-60717
Summary Calendar

———

ANGELINE NDAYIKEZA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

———

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 873 589

———

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Angeline Ndayikeza, a native and citizen of Burundi, has filed a petition for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal of the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Ndayikeza contends that the BIA erred in acquiescing to the Immigration Judge's (IJ) determination that her asylum application was untimely.  Because the BIA's decision regarding asylum was not based on untimeliness of her application, her contentions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding the timeliness of her asylum application are unavailing. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002) (recognizing that this court reviews the order of the BIA and will consider the underlying decision of the IJ only if it had some impact upon the BIA's decision).

Ndayikeza also contends that the BIA erred in determining that she failed to demonstrate that she had an objectively reasonable fear of persecution, which she claimed stemmed from the killing of her parents in Burundi, that was on account of race, religion, nationality, membership in a particular social group, or political opinion. The BIA's determination that an alien is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, this court will not reverse the BIA's decision unless the evidence not only supports a contrary conclusion but compels it. *Id.* "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

The Attorney General has the discretion to grant asylum to refugees. 8 U.S.C. § 1158(b)(1); *Chen*, 470 F.3d at 1135. A person who is outside of her country is a refugee if she is unable or unwilling to return to, or avail herself of the protection of, that country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *accord Chen*, 470 F.3d at 1135. "To establish a well-founded fear of future persecution, an applicant must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." *Chen*, 470 F.3d at 1135 (citations and marks omitted).

Ndayikeza briefs no argument challenging the BIA's determination that the IJ did not err in denying asylum as a matter of discretion, and she has thus waived any such challenge. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986). In any event, in light of the lack of evidence linking the death

of her parents to any of the statutorily enumerated grounds for asylum, the record does not compel a conclusion contrary to the BIA's determination that Ndayikeza failed to show that she had an objectively reasonable fear of persecution in Burundi on account of any of the statutorily enumerated grounds.

Given that Ndayikeza cannot satisfy the standard for eligibility for asylum, Ndayikeza cannot meet the more demanding objective-likelihood-of-persecution standard required to obtain withholding of removal. *See Chen*, 470 F.3d at 1138. Additionally, while Ndayikeza does not brief any argument challenging the BIA's decision regarding CAT relief, the evidence nevertheless does not compel a conclusion contrary to the BIA's determination that she failed to show that she more likely than not would face torture if she were removed to Burundi. *See id.* at 1134, 1139.

The petition for review is DENIED.