# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2012

No. 11-60569
Summary Calendar

Lyle W. Cayce
Clerk

CRISTOBAL JESUS MAIRENA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A026 072 452

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Cristobal Jesus Mairena, a native and citizen of Nicaragua, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), based on his alleged persecution for not supporting the Sandinista government. The Immigration Judge (IJ) made an adverse credibility finding and determined that Mairena was ineligible for adjustment of status and cancellation of removal. The IJ's decision was upheld by the Board

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Immigrations Appeals (BIA) when it dismissed Mairena's administrative appeal.

Mairena claims that the IJ's and BIA's adverse credibility determination was based on trivial inconsistencies. As Mairena's application was filed prior to the May 11, 2005, effective date of the REAL ID Act, its amended standards for assessing credibility did not apply to his application. *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). When, prior to the pre-REAL ID Act, an IJ's credibility determination found support in the record, affirmation is proper unless the record compels a contrary conclusion. *Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006).

The inconsistencies between Mairena's applications and his testimony show that the adverse credibility determination was supported by the record. *See id.* Conversely, a conclusion that Mairena was credible is not compelled by the evidence. *See id.* Thus, we may not reverse this finding. *See id.*

Mairena also contends that the BIA erred in determining that he received a full and fair hearing in accordance with due process because (1) live witnesses were unable to attend his rescheduled removal hearing and (2) the IJ excluded Mairena's brother's testimony at the removal hearing. Mairena has failed to show, however, that he was substantially prejudiced by the IJ's actions. *See Calderone-Endeavors v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

Mairena also contends that the BIA erroneously determined that he received a full and fair hearing because the IJ acted as a partisan adjudicator. Although the absence of a neutral arbiter may be the basis for a due process claim, *Wang*, 569 F.3d at 540, Mairena has not demonstrated such a violation.

Finally, Mairena asserts that the IJ and BIA erred in concluding that he was ineligible for adjustment of status and cancellation of removal given that his conviction for cocaine possession was not a "conviction" for immigration purposes because adjudication of guilt was withheld and no form of punishment was imposed. Section 1101(a)(48)(A) of Title 8 defines "conviction" as when (1) a

formal judgment of guilt entered by the court or (2) an adjudication of guilt has been withheld, but the alien has entered a plea of guilty and the judge has imposed some form of punishment. Although adjudication of guilt was withheld for his possession of cocaine conviction, Mairena pleaded guilty to the conviction and was sentenced to 35 days in prison. Thus, his conviction was a "conviction" for immigration purposes, and the IJ and BIA properly concluded that Mairena was not entitled to adjustment of status or cancellation of removal. His petition for review is therefore DENIED.