# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60884
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2013

Lyle W. Cayce
Clerk

GREGORY ERLICK ATHAYDE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 826 472

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gregory Erlick Athayde, a citizen and native of India, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) and the Immigration Judge (IJ) denying his application for withholding of removal. Athayde sought protection in the immigration court under the Convention Against Torture Act (CAT), but he has not pursued that claim in his petition for review. Consequently, he has abandoned that claim on appeal. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Contending that the BIA and IJ's adverse credibility findings are not substantiated by the record, Athayde argues that his testimony was truthful and that there were no material discrepancies between his oral testimony and the documentary evidence that he presented in support of his application. He further argues that the IJ did not give him the opportunity to explain the inconsistencies in his testimony and did not seek corroborating evidence from him. He complains that the IJ placed too much weight on his misrepresentations made in a prior immigration application and on his omission of specific facts regarding his persecution.

Under the REAL ID Act of 2005, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original). Credibility determinations are entitled to deference "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* (internal quotation marks and citation omitted).

Substantial evidence supports the adverse credibility determination made by the IJ and BIA. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Although Athayde categorized the Valentine's Day incident as the most significant personal attack made on him by the police and fundamentalist groups in India, he provided three different accounts of the events that allegedly occurred during that incident. It was not plausible for him to have forgotten or to have been confused about whether he was beaten by a Rashtriya Swaya Sangh leader, or whether he was arrested with his father and beaten with sticks on his feet by a police officer, or whether his legs were burned with hot rods by the police.

Contrary to his arguments, the record reflected that the IJ gave Athayde an ample opportunity during the second hearing to explain the type of torture

that he was subjected to during the incident, but he failed to provide any credible explanation for the differences in his accounts. Further, the IJ did not rely solely on the discrepancies in Athayde's accounts of the incident. The IJ and BIA both recognized that despite his providing numerous statements of support by family members and long-term friends, none of the statements indicated that he had been personally subjected to any persecution while in India, and none mentioned the incident on Valentine's Day weekend. It was also reasonable for the IJ to infer that Athayde's credibility was suspect based on his admission of lying on multiple occasions to immigration officials in order to obtain work authorizations. Athayde's failure to seek protection during the 1996 removal proceedings also diminished the credibility of his claims of past persecution.

Given the totality of the circumstances, including the material discrepancies and inconsistencies in the accounts of his persecution, Athayde has failed to show that "it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *See Wang*, 569 F.3d at 538 (internal quotation marks and citations omitted). In the absence of presenting credible testimony or what should have been easily available corroborating evidence, he has not presented evidence "so compelling that no reasonable fact finder could fail to find" a clear probability of persecution. *See id.* (internal quotation marks and citation omitted). Accordingly, the rejection of Athayde's withholding claim is supported by substantial evidence. *See Chen*, 470 F.3d at 1134. His petition for review is DENIED.