# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2021

Lyle W. Cayce
Clerk

No. 20-60036
Summary Calendar

Vanujan Sivalingam,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 679 088

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Petitioner-Appellant Vanujan Sivalingam is a native and citizen of Sri Lanka.  He petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). His petition is denied.

When, as here, there is credible testimony by the applicant, an asylum application may be denied for the applicant's failure to provide reasonably available corroborating information. *Yang v. Holder*, 664 F.3d 580, 584-85, 587 (5th Cir. 2011). As provided in 8 U.S.C. § 1252(b)(4), courts are prohibited from "revers[ing] a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *See id.* at 587. The instant record does not compel the conclusion that no corroborating evidence was available to Sivalingam. *See id.*; *see also Orellana-Monson*, 685 F.3d 511, 518 (5th Cir. 2012) (stating that a petitioner who does not carry his burden for asylum does not meet the higher standard for withholding of removal). Moreover, the record reflects that Sivalingam failed to demonstrate either past persecution or a well-founded fear of future persecution. *See Yang*, 664 F.3d at 587.

A claim for protection under the CAT requires the alien to show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see also Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). Sivalingam fails to establish past persecution or torture, so his claim that he will be subjected to future torture is speculative. *See Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012). The record does not compel the conclusion that Sivalingam will, more likely than not, be subjected to torture if removed to India. *See Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018).

Sivalingam's contention that the IJ was not a neutral arbiter lacks merit. The Due Process Clause guarantees an alien a hearing before a fair and impartial arbiter, and the United States Supreme Court has concluded

No. 20-60036

that due process requires the "opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks and citations omitted). During immigration proceedings, the IJ is authorized, in accordance with his duty to fully develop the record, to interrogate, examine, and cross-examine the alien. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052-53 & n.1 (5th Cir. 1986). The IJ's questioning only violates procedural due process when it "substantially prejudice[s] the complaining party." *Id.* at 1052. Here, the IJ questioned Sivalingam to facilitate his testimony as a pro se applicant. Sivalingam does not establish that he was substantially prejudiced by any due process violation.

PETITION FOR REVIEW DENIED.