United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60511
Summary Calendar

ELSA ESHETE GETACHEW,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 678 794
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Elsa Eshete Getachew petitions for review of the Board of
Immigration Appeals' (BIA's) decision denying asylum, withholding
of removal, and relief under the Convention Against Torture
(CAT). Getachew has failed to brief the issue whether the BIA
erred in holding that she was ineligible for asylum because she
filed an untimely application. She has therefore waived its
review. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th
Cir. 1986).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The BIA did not adopt the immigration judge's opinion but rather concurred in the result. Consequently, our review is of the BIA's decision. See Girma v. INS, 283 F.3d 664, 666 (5th Cir. 2002). The BIA denied Getachew withholding of removal and relief under the CAT based only on the insufficiency of the evidence. Therefore, insofar as Getachew seeks review of the immigration judge's credibility determination, that issue is not before us.

An asylum applicant can be required to provide corroborating evidence where it is reasonable to do so. Zhao v. Gonzales, 404 F.3d 295, 304 (5th Cir. 2005). Getachew argues that it was unreasonable to require her to provide corroborating evidence of her travels and her injuries. The BIA, however, rejected Getachew's claim for withholding of removal because she presented no documentary evidence establishing her identity, nationality, or citizenship. Getachew does not address this determination by the BIA. She has therefore waived review of her eligibility for withholding of removal. See Calderon-Ontiveros, 809 F.2d at 1052. Similarly, with regard to her eligibility for relief under the CAT, Getachew also does not set forth an argument that the evidence was sufficient to show that if removed to Ethiopia, it is likely that she would be tortured. See 8 C.F.R. § 208.16(c)(2). She has therefore also waived review of that issue. See Calderon-Ontiveros, 809 F.2d at 1052.

PETITION DENIED.