United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 06-60548
Summary Calendar

———————

NEHA PRADEEPKUMAR TAILOR,

                                        Petitioner,

        versus

ALBERTO R. GONZALES,
U.S. ATTORNEY GENERAL,

                                        Respondent.

———————

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A95 274 350

———————

Before GARWOOD, DEMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

    Neha Pradeepkumar Tailor has petitioned for review of the
decision of the Board of Immigration Appeals (BIA) dismissing her
appeal from the denial of her application for withholding of
removal under the Immigration and nationality Act (INA).

    Tailor applied for withholding of removal because of a fear of
persecution based on her "membership in a particular social group."

——————————

[1]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tailor contends that the evidence establishes that it is more likely than not that she would be persecuted if removed to India. Specifically, she contends that she would be denied employment and educational opportunities because she is a "westernized woman" and fears that she "might" be forced to marry instead of allowed to pursue an education if she is removed to India.[2]

The Immigration Judge (IJ) found that although Tailor presented a credible application for relief, she failed to establish her burden of showing that it is more likely than not that she would be persecuted based upon her membership in a particular group. In finding that Tailor was not entitled to withholding of removal, the IJ concluded that he was "unaware of any law relating to gender based discrimination in education and employment that qualifies one for asylum or withholding of removal." Tailor failed to address or challenge this finding before the BIA, or in her brief in support of her petition for review.

Because Tailor has failed to address this finding, which is critical to a determination of her entitlement to relief under section 1231, she has waived any challenge to that finding. *See*

---

[2] The only evidence that such a marriage might occur is Tailor's testimony that all her female relatives living in India had had arranged marriages; there is no evidence any of them (or anyone else) intended or were planning to arrange a marriage for Tailor. And, Tailor testified she did not think she would have anything to fear if she refused to marry.

2

*Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).[3]

Accordingly, Tailor's petition is

DENIED.

---

[3]We also note that the IJ (and BIA) found that the "discrimination" Tailor (who had never been subject to any past persecution) would likely face in India would not "amount to persecution" so as to entitle her to withholding of removal under the INA. The record does not compel a contrary conclusion or finding. *See, e.g., Eduard v. Ashcroft*, 379 F.3d 182, 187 n.4, 188 (5th Cir. 2004).