# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-60668
Summary Calendar

JATINDER SINGH,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 152 684

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jatinder Singh, a native and citizen of India, has filed a petition for review of the Board of Immigration Appeals' (BIA) order, which dismissed his appeal of the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Singh first argues that the BIA erred in finding his asylum application was untimely filed. However, Singh's notice of appeal and brief to the BIA did not challenge the IJ's finding that his asylum application was untimely.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the exhaustion requirement is statutorily mandated, Singh's failure to exhaust this issue before the BIA is a jurisdictional bar to our consideration of the issue. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); *see also* 8 U.S.C. § 1252(d)(1). In addition, we lack jurisdiction to review a factual determination that an alien has failed to meet the one-year deadline for filing an asylum application. *Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007).

Singh also argues that the BIA erred by affirming the IJ's denial of withholding of removal based on an adverse credibility finding. We review the record to determine whether an adverse credibility determination is "supported by specific and cogent reasons derived from the record." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). It is the petitioner's burden to demonstrate that the evidence compels a contrary conclusion. *See Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005). Nothing in Singh's arguments suggests that we should substitute our own judgment for the determination that Singh was not credible. *See id.* Because the denial of Singh's claim for withholding of removal was based on a finding that he was not credible, we will not review the decision to deny relief. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

Singh also argues that he has shown that he is qualified for relief under the CAT. However, Singh's notice of appeal and brief to the BIA did not challenge the IJ's finding that he failed to establish eligibility for relief under the CAT. Because Singh failed to exhaust this issue, we will not consider it. *See Wang*, 260 F.3d at 452-53.

Finally, Singh argues that the BIA erred in finding that the IJ's conduct of the hearing did not violate his right to due process. The arguments in Singh's brief are conclusory; he does not address any of the case law, statutes, or regulations cited by the BIA in its detailed analysis of this claim. Inadequately briefed arguments are waived. *Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Even if we were to consider this argument, it is without merit. An IJ is required by statute

to "interrogate, examine, and cross-examine the alien and any witnesses." 8 U.S.C. § 1229a(b)(1). Singh has not shown that the IJ's questioning deprived him of due process. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

Accordingly, the petition for review is DENIED.