# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-60959
Summary Calendar

MICHAEL BUMA FORMUSOH, also known as Michael Zuma Fomuso, also known as Christian Noah,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 105 662

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner Michael Buma Formusoh, a native and citizen of Cameroon, petitions this court for a review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of an order of the immigration judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The IJ denied Formusoh's application after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding that he was not credible.  The BIA upheld the IJ's adverse credibility determination and affirmed the IJ's decision ordering  Formusoh's removal.

Formusoh maintains that, contrary to the IJ's findings, he presented credible testimony in support of his claim for asylum.  He contends that the inconsistencies identified by the IJ were the result of the IJ's "nit-picking and over-analyzing testimony."  Formusoh suggests further that the IJ's perceived inconsistencies in his testimony resulted, not from his dishonesty, but because the IJ "shuffled and mixed up the evidence."

The REAL ID Act (the Act) amended the standards for assessing credibility determinations in cases involving applications for asylum, withholding of removal, and other relief from removal filed after the Act's May 11, 2005, effective date.  *See* REAL ID Act §§ 101(a)(3), (c), (h)(2), Pub.L. 109-13, 119 Stat. 302.  As Formusoh filed his application for immigration relief after the Act's effective date, the new credibility standards apply in his case.

Under the Act, an applicant's testimony, alone, may be sufficient to sustain the burden of proving eligibility for asylum, "but only if the applicant satisfies the trier of fact that his testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii).  "[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quatation marks and citation omitted).  On review, we defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* (internal quotation marks and citation omitted).

Formusoh's bold assertion that the IJ's credibility determination was based on incorrect and irrational assumptions and speculation, and on conjecture about human behavior is insufficient to establish that the IJ's credibility determination is not supported by substantial evidence.  From the totality of the circumstances, it is not obvious that no reasonable factfinder could

make such an adverse credibility ruling. *See id.* We shall not disturb the IJ's credibility determination here. *Id.* Without credible evidence, there was no basis on which to grant asylum. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Formusoh has not addressed, and has therefore waived, the IJ's finding that he is not entitled to withholding of removal or relief under the CAT. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

Formusoh contends that the IJ erred as a matter of law and committed reversible error in finding that he was removable under 8 U.S.C. § 1182(a)(6)(C)(ii) for making a false claim of United States citizenship, given that the charge had been "dropped" during an earlier master calendar hearing. Contrary to Formusoh's assertion, the record shows that the charge was set aside on venue grounds, but not withdrawn. Formusoh's petition for review is DENIED.