**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2011

No. 10-60122
Summary Calendar

Lyle W. Cayce
Clerk

OCNALIZA LESMANA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 335 237

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

Ocnaliza Lesmana, a native and citizen of Indonesia, has filed a petition for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal of the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Lesmana contends that the BIA erred regarding the determination that she was ineligible for withholding of removal and relief under the CAT. She does not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge the BIA's determination that her application for asylum was time barred.

We review the order of the BIA and will consider the underlying decision of the IJ only if it had some impact upon the BIA's decision. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). The BIA's determination that an alien is not eligible for withholding of removal or relief under the CAT is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, this court will not reverse the BIA's decision unless the evidence not only supports a contrary conclusion but compels it. *Id.*

Regarding withholding of removal, Lesmana argues that she demonstrated a clear probability that she would be persecuted, because she is Chinese and Christian, if she were removed to Indonesia. She does not argue that the BIA erred in determining that she failed to establish past persecution and has thus waived any such argument. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986). Lesmana's testimony and the reports on Indonesia introduced by her do not compel the conclusion that she more likely than not would be singled out for persecution on account of her race or religion or that a pattern or practice of persecution existed in Indonesia against Christians or ethnic Chinese by the government or forces that the government is unable or unwilling to control. *See* 8 C.F.R. § 1208.16(b)(2); *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006); *Eduard v. Ashcroft*, 379 F.3d 182, 187-88 & n.4 (5th Cir. 2004). Additionally, although Lesmana argues that she was eligible for withholding of removal based on the "disfavored group" analysis, we lack jurisdiction to consider that issue because Lesmana failed to raise it before the BIA. *See Omari v. Holder*, 562 F.3d 314, 317 (5th Cir. 2009) (recognizing that failure to exhaust an issue before the BIA deprives this court of jurisdiction pursuant to 8 U.S.C. § 1252(d)). Accordingly, that portion of her petition for review is dismissed.

No. 10-60122

With respect to the CAT, an applicant for protection under the CAT must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." § 208.16(c)(2); *accord Chen*, 470 F.3d at 1139. The record does not compel the conclusion that Lesmana more than likely would be tortured if she were removed to Indonesia. *See* § 1208.16(c)(2). The BIA's determination that she was not eligible for relief under the CAT is supported by substantial evidence.

The petition for review is DISMISSED IN PART and DENIED IN PART.