# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2011

No. 10-60541
Summary Calendar

Lyle W. Cayce
Clerk

JUAN TOMAS ROJAS NIETO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 809 989

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Tomas Rojas Nieto petitions for review of the Board of Immigration
Appeals' (BIA) denial of his motion to reopen his removal proceedings.  In that
regard, Rojas does not contest the BIA's holding that his motion is untimely to
the extent it seeks reconsideration of the BIA's dismissal of his appeal; therefore,
that issue is abandoned.  *E.g.*, *Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052
(5th Cir. 1986).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-60541

Our court lacks jurisdiction to consider whether the BIA erred by denying Rojas' motion to reopen his claim that he was entitled to cancellation of removal under 8 U.S.C. § 1229b(b).   8 U.S.C. § 1252(a)(2)(B)(i); *see also Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004).   Under section 1252(a)(2)(B)(i), no court has jurisdiction to review a judgment involving the exercise of discretion, including judgments regarding relief under § 1229b. *E.g.*, *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004).   We likewise lack jurisdiction to consider Rojas' Convention Against Torture claim because he failed to exhaust it by fairly presenting it before the BIA.   8 U.S.C. § 1252(d)(1); *e.g.*, *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010).

The BIA's denial of Rojas' motion to reopen so that he could pursue his asylum and withholding-of-removal claims is reviewed  for abuse of discretion. *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005).   Contrary to his contentions, the BIA held correctly that he was required, in his motion to reopen, to establish a prima facie case for each claim. *INS v. Abudu*, 485 U.S. 94, 104 (1988).   Rojas was required to show that he had a well-founded fear of persecution based upon a protected ground to establish a prima facie case for his asylum claim; to establish a prima facie case for withholding of removal, he was required to satisfy an even higher standard. *See Chen v. Gonzales*, 470 F.3d 1131, 1135-38 (5th Cir. 2006).   By failing to challenge the BIA's ruling that he identified no protected ground that would serve as a viable basis for either claim, Rojas has abandoned such an assertion. *Calderon-Ontiveros*, 809 F.2d at 1052.

DISMISSED in part and DENIED in part.