# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2022

Lyle W. Cayce
Clerk

No. 20-61094
Summary Calendar

Divine A. Asongafac,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 327 334

Before Davis, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Divine A. Asongafac, a native and citizen of Cameroon, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) concluding that he was not entitled to asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61094

Convention Against Torture (CAT). The BIA affirmed the IJ's adverse credibility determination, held that Asongafac was not entitled to asylum or withholding of removal on that basis, and ruled that he had waived any challenge to the denial of CAT relief.

Before this court, Asongafac challenges the agency's credibility determination. The BIA relied on the IJ's "specific and cogent reasons derived from the record" to support the adverse credibility determination. *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (internal quotation marks and citation omitted). Although Asongafac presents explanations for the inconsistences in his accounts, the BIA was not required to accept them. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 438-39 (5th Cir. 2020). Additionally, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted). Asongafac has failed to demonstrate that, under the totality of the circumstances, it is clear that no reasonable factfinder could make an adverse credibility ruling in his case. *See Wang*, 569 F.3d at 538-40. Thus, the agency's determination is supported by substantial evidence. *See id.* at 536-40.

Without credible evidence, there was no basis for the BIA to grant asylum or withholding of removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). To the extent that Asongafac argues that the BIA should have remanded his case so the IJ could further consider his asylum request after the third-party transit bar was vacated, the BIA did not rely on this portion of the IJ's decision, and we need not address the argument. *See Singh*, 880 F.3d at 224. To the extent that Asongafac is contending that he is entitled to asylum on the merits of his claims in the absence of the transit bar, given the dispositive adverse credibility determination, we need not address that

2

No. 20-61094

argument.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).  Although Asongafac contends that he was denied a fair hearing due to a physical ailment and interruptions by the IJ, he has not shown that he was unable to understand or answer questions or how he was prejudiced by any comments that the IJ made during the hearing.  *See Wang*, 569 F.3d at 541; *Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

Asongafac also contends that the BIA erred in finding that he waived his CAT claim and that he should have been granted relief under the CAT. Because Asongafac did not raise these arguments with the BIA, they are unexhausted, and we lack jurisdiction to consider them.  *See* 8 U.S.C. § 1252(d)(1); *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022); *Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

Accordingly, the petition for review is DENIED in part and DISMISSED in part.